BARRY J. PORTMAN
Federal Public Defender
STEVEN J. KOENINGER
Research and Writing Attorney
19th Floor Federal Building – Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant MARTEARENA-ARRIOLA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-08-0272 SI |
| Plaintiff, | DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN INFORMATION FROM 2001 ORDER OF REMOVAL |
| v. | |
| CELSO MARTEARENA-ARRIOLA, | |
| Defendant. | |

## I. BACKGROUND

On June 6, 2008, the government disclosed its intent to seek the admission at trial of a 2001 Notice and Order of Expedited Removal regarding Defendant. *See* Bates CMA0053-54. Defendant agreed to stipulate to the authenticity of the document and its admissibility as a public record with certain restrictions. Specifically, Defendant objected to the admission of certain information contained within the document, including the statement that Defendant had been convicted of an aggravated felony and the factual bases for the INS's determination of inadmissibility. After meeting and conferring, the parties agreed to redact the majority of the information to which Defendant objected.

One piece of disputed information remains, however. Specifically, the Defendant objects

to the admission of the following statement contained in the 2001 removal order: "You falsely represented yourself to be a United States citizen . . . ." Bates CMA0054. Because this information is irrelevant and highly prejudicial, Defendant respectfully requests that this Court order its exclusion from evidence at trial.

## II. DISCUSSION

In a prosecution for illegal-reentry, the government "has the burden of proving the element of a prior deportation." *United States v. Medina,* 236 F.3d 1028, 1030 (9th Cir. 2001). With respect to this element, "the government merely needs to prove that a deportation proceeding actually occurred with the end result of [the defendant] being deported." *Id.* at 1031. The government does not have to establish the lawfulness of the underlying deportation. *See id.* at 1030 ("[T]he lawfulness of the prior deportation is not an element of the offense."). Moreover, the Ninth Circuit has held that a deportation order or warrant may adequately serve to demonstrate that the respective deportation or removal proceeding "actually occurred." *Id.*

Since the government need not prove the lawfulness or validity of the immigration proceeding that resulted in the 2001 removal order, the factual finding underlying in part the INS determination of inadmissibility – *i.e.,* a false representation as to U.S. citizenship – also need not be admitted in this trial. Further, whether the Defendant made a false representation while attempting to gain entry to the United States does not tend to prove any element of a § 1326 violation. The Ninth Circuit has long held that illegal reentry under § 1326 requires "only a showing of general intent because it was a *malum prohibitum* regulatory offense and the statute did not otherwise specify an intent requirement for that crime." *United States v. Gracidas-Ulibarry,* 231 F.3d 1188, 1190 (9th Cir. 2000) (citing *Pena-Cabanillas v. United States,* 394 F.2d 785 (9th Cir. 1968)).

On the other hand, admission of the evidence regarding a false representation would be unfairly prejudicial and borders on the use of impermissible character evidence. If the jury were presented with evidence that the Defendant is a dishonest person, there would be a substantial

risk of conviction on an improper basis as opposed to proof of the actual elements of the offense. *See United States v. Blackstone*, 56 F.3d 1143, 1146 (9th Cir. 1995) ("Evidence is prejudicial if it appeals to the jury's sympathies, arouses its sense of horror, provokes its instincts to punish, or triggers other mainsprings of human action.") (citation and internal quotation omitted); Fed. R. Evid., 1972 Advisory Committee Note ("'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.").

Accordingly, Defendant respectfully requests that this Court order the exclusion of the false representation evidence at issue. To that end, Defendant has attached as Exhibit A to this motion a redacted version of the 2001 Removal Order and requests that the Court only admit the document in this redacted form.

Dated: June 17, 2008

Respectfully submitted,

/s

BARRY J. PORTMAN
Federal Public Defender

DEF.'S MOT. RE 2001 REMOVAL ORDER –
CR 08-0272 SI                                                              3

# EXHIBIT A

EXHIBIT A

| Immigration and Naturalization Service | Notice to Alien Ordered Removed/Departure Verification |
|---|---|

File No: A91 761 305

Date: February 20, 2001

6/21/01

Alien's Full Name: MARTEARENA-Arriola, Celso

You have been found to be inadmissible to the United States under the provisions of section 212(a) of the Immigration and Nationality Act (Act) or deportable under the provisions of section 237 of the Act as a Visa Waiver Pilot Program violator. In accordance with the provisions of section 212(a)(9) of the Act, you are prohibited from entering, attempting to enter, or being in the United States:

☐ for a period of 5 years from the date of your departure from the United States as a consequence of your having been found inadmissible as an arriving alien in proceedings under section 235(b)(1) or 240 of the Act.

☐ for a period of 10 years from the date of your departure from the United States as a consequence of your having been ordered removed under any section of the Act other than section 235(b)(1) or 240, or of your having been ordered excluded under section 236 of the Act in proceedings commenced prior to April 1, 1997.

☐ for a period of 20 years from the date of your departure from the United States as a consequence of your having been found inadmissible and of your having been previously excluded, deported, or removed from the United States.

☒ at any time because in addition to having been found inadmissible, you have been convicted of a crime designated as an aggravated felony.

After your deportation or removal has been effected, if you desire to reenter the United States within the period during which you are barred, you must request and obtain permission from the Attorney General to reapply for admission into the United States. You must obtain such permission prior to commencing your travel to the United States. Application forms for requesting such permission may be obtained by contacting any United States Consulate or office of the United States Immigration and Naturalization Service.

**WARNING:** Title 8 United States Code, Section 1326 provides that it is a crime for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States during the period in which he or she is barred from so doing without the Attorney General's consent. Any alien who violates this section of law is subject to prosecution for a felony. Depending on the circumstances of the removal, conviction could result in a sentence of imprisonment for a period of from 2 to 20 years and/or a fine of up to $250,000.

P. Mitchell, SDP/321 — Acting Senior Immigration Inspector — San Ysidro, California
(Signature of officer serving warning) — (Title of officer) — (Location of INS office)

## Verification of Removal
(Complete this section for file copy only)

Departure date: 6/21/01    Port of departure: SYS    Manner of departure: AFOOT

Signature of verifying officer: [signature]   S267   Title of officer: DEO

Photograph of alien removed

Right index fingerprint of alien removed

(Signature of alien whose fingerprint and photograph appear above)

(Signature of official Taking fingerprint)

Form I-296 (6-1-97)

CMA0053

| U.S. Department of Justice | |
|---|---|
| Immigration and Naturalization Service | **Notice and Order of Expedited Removal** |

## DETERMINATION OF INADMISSIBILITY

File No: A91 761 305
Date: February 20, 2001

In the Matter of: MARTEARENA-Arriola, Celso

Pursuant to section 235(b)(1) of the Immigration and Nationality Act (Act), (8 U.S.C. 1225(b)(1)), the Immigration and Naturalization Service has determined that you are inadmissible to the United States under section(s) 212(a) ☐ (6)(C)(i); ☒ (6)(C)(ii); ☒ (7)(A)(i)(I); ☐ (7)(A)(i)(II); ☐ (7)(B)(i)(I); and/or ☐ (7)(B)(i)(II) of the Act, as amended, and therefore are subject to removal, in that:

- On or about February 20, 2001, you applied for admission into the United States.
- You verbally declared yourself to be a citizen of the United States.
- You are a citizen and national of Mexico.
- You have no legal right to either enter, pass through, or remain in the United States.
- You falsely represented yourself to be a United States citizen and are not in possession of a valid entry document as is required by the Act.

P. Mitchell, SDP/321           Immigration Inspector
Name and title of immigration officer (Print)        Signature of immigration officer

## ORDER OF REMOVAL
## UNDER SECTION 235(b)(1) OF THE ACT

Based upon the determination set forth above and evidence presented during inspection or examination pursuant to section 235 of the Act, and by the authority contained in section 235(b)(1) of the Act, you are found to be inadmissible as charged and ordered removed from the United States.

D. Salazar, SII
Name and title of immigration officer (Print)         Signature of immigration officer

M. Partida, AAPD
Name and title of supervisor (Print)         Signature of supervisor, if available

☐ Check here if supervisory concurrence was obtained by telephone or other means (no supervisor on duty).

### CERTIFICATE OF SERVICE

I personally served the original of this notice upon the above-named person on   6/21/01
                                                                                  (Date)

Signature of immigration officer

Form I-860 (Rev. 4-1-97)

CMA0054