BARRY J. PORTMAN
Federal Public Defender
JODI LINKER
Assistant Federal Public Defender
19th Floor Federal Building – Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-08 272 SI |
| Plaintiff, | DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PRIOR CONVICTIONS UNDER FRE 609 |
| vs. | |
| CELSO MARTEARENA-ARRIOLA, | Pre-Trial Conference: June 24, 2008 |
| Defendant. | |

     The defendant respectfully moves this Court to exclude from trial all evidence relating to his prior convictions should he elect to testify. For the reasons set forth herein, such evidence is inadmissable under Federal Rules of Evidence 609 and 403.

     On June 16, 2008. the government provided notice of its intent to impeach the defendant with two prior convictions that occurred more than 10 years ago should the defendant testify at his trial. The 1995 conviction is a felony for perjury. The 1997 conviction is a misdemeanor for providing false identification to a peace officer. The government has not provided any documentation, e.g, a judgment of conviction, an information or police report, establishing these convictions other than a notation of each conviction on a rap sheet in the defendant's immigration file. The defendant seeks leave to supplement this memorandum once he has seen

the charging documents and conferred with counsel.

The admissibility of a testifying defendant's prior convictions is governed by Federal Rule of Evidence 609. In relevant part, Rule 609(a) provides as follows:

> For the purpose of attacking the character for truthfulness of a witness,
>
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
>
> (2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

Fed. R. Evid. 609(a).

Pursuant to Rule 609(b), evidence of a conviction under this rule is inadmissible if more than ten years have elapsed since the witness's conviction or release from imprisonment, unless the proponent gives advance written notice and the Court makes an express finding that "the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b).

Rule 609 embodies greater protections against prejudice for criminal defendants than for other witnesses. Specifically, when the government seeks to introduce a prior conviction against the defendant, Rule 609 reverses the balancing of probative value and prejudicial effect that courts customarily undertake under Rule 403. Whereas Rule 403 encourages admission of evidence unless its probative value is substantially outweighed by the danger of prejudice, Rule 609 permits prior convictions to be admitted only when their probative value outweighs their prejudicial effect. The Ninth Circuit has elevated this hurdle to still greater heights, stating that the "government bears the burden of showing that the evidence's probative value *substantially* outweighs its prejudicial effect." *United States v. Browne*, 829 F.2d 760, 763 (9th Cir. 1987)

(emphasis added); *see also United States v. Alexander*, 48 F.3d 1477, 1488 (9th Cir. 1995).

The government has not met its burden in this case. It has not cited any specific facts or circumstances that establish the probative value of these convictions. To establish guilt in this case, the government need only prove that the defendant is in the country without permission. Given the very real potential for prejudice the balance under Rule 609 tips decisively against admission of the defendant's convictions. For the foregoing reasons, the defendant respectfully moves this Court to exclude all evidence of his prior convictions under Rule 609 should he elect to testify.

Dated: June 17, 2008

Respectfully submitted,

/s

BARRY J. PORTMAN
Counsel for the Defendant