BARRY J. PORTMAN
Federal Public Defender
STEVEN J. KOENINGER
Research and Writing Attorney
19th Floor Federal Building – Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant MARTEARENA-ARRIOLA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-08-0272 SI |
| Plaintiff, | **DEFENDANT'S MOTION IN LIMINE TO EXCLUDE FINGERPRINT EXPERT** |
| v. | Pre-Trial Conference: June 24, 2008 |
| CELSO MARTEARENA-ARRIOLA, | |
| Defendant. | |

## I. BACKGROUND

On or about June 9, 2008, the government provided defense counsel with a curriculum vitae ("CV") for Kenneth M. Woods, Senior Fingerprint Specialist for the Department of Homeland Security. The CV was accompanied by a report, dated April 22, 2008, which appears to have been prepared by Woods (attached hereto as Exhibit A). The report lists various exhibits, each of which apparently contained a fingerprint impression. The report also contains a section bearing the heading "FINDINGS," which states as follows:

> The fingerprint impressions appearing on exhibits 1.1 through 1.8 were made by the same individual.
>
> The fingerprint individualizations were established by comparative analysis of the friction ridge detail for the fingerprint impressions in question.

Ex. A at CMA0421.

On June 13, 2008, the government filed with this Court a document entitled "Notice of Expert Testimony (Rule 16)." *See* Exhibit B (attached hereto). The government's Notice essentially re-summarizes the information already contained in the Woods CV and April 22, 2008 report; the Notice also provides the following additional information:

- Mr. Woods will testify that his conclusions are based on two fundamental principles of friction ridge identification: (1) friction ridges begin to develop *in utero* and persist unchanged until after death; and (2) no two fingerprints are the same, even in identical twins. *See* Ex. B at 2.

- "Mr. Woods will testify that the means of arriving at this conclusion was based on the standard ACE-V (Analysis, Comparison, Evaluation – Verification) methodology and he will further explain this methodology." *Id.*

Because the government's expert disclosure does not comply with the requirements of Federal Rule of Criminal Procedure 16, the Defendant respectfully requests that this Court exclude the government's proffered expert.

## II. DISCUSSION

A.   The Government's Expert Should Be Excluded Because the Government Has Not Complied With the Requirements of Rule 16(a)(1)(G)

In order to call an expert witness, the government must comply with the expert disclosure requirements of Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. This provision requires the government to disclose not only a written summary of the expert's anticipated opinions, but also a description of the "bases and reasons for those opinions." Fed. R. Crim. P. 16(a)(1)(G). The purpose of Rule 16(a)(1)(G) is "to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16 Advisory Committee Notes to 1993 amendment.

1  The government's disclosure in this case fails to meet the requirements of Rule 16(a)(1)(G). While the government's disclosure does state the ultimate opinion to be offered by Woods – *i.e.*, the fingerprints on each of the various document were made by the same individual – it does not adequately identify the "bases and reasons" that led Woods to this conclusion. For example, the government's Notice does not: (1) contain a description of the various fingerprints; (2) identify any purported similarities between the various fingerprints which would support the expert opinion; (3) identify any dissimilarities between the various fingerprints which might undermine the expert opinion; or (4) describe what factors most strongly supported the proposed expert testimony. Nor has the government disclosed any notes that were taken by Woods during his analysis, or any computer data that may have been generated during such an analysis. The government's recitation of two generalized "principles of friction ridge identification" cannot substitute for a disclosure of the *actual* bases and reasons for the proposed expert testimony in this specific case.

Furthermore, while it is evident from the government's disclosure that Mr. Woods engaged in a "comparative analysis of the friction ridge detail for the fingerprint impressions in question" – *i.e.*, he compared the various fingerprints – and that he used the ACE-V methodology, the Notice does not describe this methodology, the underlying principles or practices, or explain why it is considered a reliable methodology by those with skill or experience in the field. *Cf.* Fed. R. Evid. 702, 703.

Because of the scarcity of information contained in the government's Notice of Expert Testimony, the defense is unable to adequately ascertain the admissibility of Mr. Woods's proposed expert testimony or to fairly "test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16 Advisory Committee Notes to 1993 amendment. Accordingly, the Court should exclude the testimony of the government's proffered expert. *See* Fed. R. Crim. P. 16(d)(2)(C).

### III.  CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that this Court issue an order excluding the testimony of the government's proffered expert.

Dated: June 17, 2008

Respectfully submitted,

/s

BARRY J. PORTMAN
Federal Public Defender

MOT. TO EXCLUDE FINGERPRINT EXPERT
– CR 08-0272 SI                                            4

# EXHIBIT A

# EXHIBIT A



**U.S. Department of Homeland Security**
**U.S. Immigration and Customs Enforcement**
Office of Investigations
*Forensic Document Laboratory (FDL)*

April 22, 2008                                                                                                                    FDL-08-04491

Deportation Officer Cesar J. Lopez
U.S. Immigration and Customs Enforcement
630 Sansome Street, Room 520
San Francisco, CA  94111
415-844-5134
REF:  A91761305

**EXHIBIT(S):**

1.1   I-205, Warrant of Removal / Deportation for MARTEARENA-ARRIOLA, CEISO, A# 91 761 305, executed on 4-27-05, with a fingerprint impression thereon.
1.2   I-205, Warrant of Removal / Deportation for MARTEARENA-Arriola, Celso, A# 91 761 305, executed on 6-21-01, with a fingerprint impression thereon.
1.3   I-205, Warrant of Removal / Deportation for MARTEARENA-Arriola, Celso A., A# 91 761 305, executed on 8-7-98, with a fingerprint impression thereon.
1.4   I-205, Warrant of Deportation for MARTEARENA-Arriola, Celso, A# 91 761 305, executed on 11-14-95, with a fingerprint impression thereon.
1.5   I-205, Warrant of Deportation for MARTEARENA-Arriola, Celso, A# 91 761 305, executed on 11-29-94, with a fingerprint impression thereon.
1.6   FD-249, Fingerprint Card bearing fingerprint impressions and the name MARTEARENA-ARRIOLA, CELSO, A# 91 761 305, dated 4-7-08.
1.7   FD-249, Fingerprint Card bearing fingerprint impressions and the name MARTEARENA-Arriola, Celso, A# 91 761 305, dated 2-20-01.
1.8   FD-249, Fingerprint Card bearing fingerprint impressions and the name MARTEARENA-Arriola, Celso, A# 91 761 305, dated 11-14-95.

**FINDINGS:**

The fingerprint impressions appearing on exhibits 1.1 through 1.8 were made by the same individual.

The fingerprint individualizations were established by a comparative analysis of the friction ridge detail for the fingerprint impressions in question.

**REMARKS:**

The evidence was delivered to the FDL Forensic Section on April 18, 2008 and will be returned to the submitter by official courier.

The Forensic Document Laboratory requires the Project Code 0E7 for Fingerprint Examinations to be entered into Case Management by the assigned case agent.



*AN ASCLD/LAB® ACCREDITED LABORATORY SINCE FEBRUARY 2001*



FDL-08-04491                                                                 Page 2 of 2

April 22, 2008

---

Kenneth M. Woods
Senior Fingerprint Specialist




AN ASCLD/LAB® ACCREDITED LABORATORY SINCE FEBRUARY 2001

Kenneth M. Woods
Senior Fingerprint Specialist
Department of Homeland Security
U.S. Immigration and Customs Enforcement
Forensic Document Laboratory

EDUCATIONAL
EXPERIENCE

1978-1982        Virginia Commonwealth University:
                 Graduated with Bachelors of Science degree in Administration of Justice.

PROFESSIONAL
SCHOOLS and TRAINING

| Year | Agency | Course Description |
|---|---|---|
| 1982 | Northern Virginia Criminal Justice Academy | Basic Academy |
| 1987 | NVCJA | Bloodstain Pattern Analysis Workshop |
| 1987 | Prince William County Criminal Justice Academy | Crime Scene Technician School |
| 1988 | NVCJA | Instructor Development |
| 1989 | VA Bureau of Forensic Science | Forensic Science Academy |
| 1989 | VA Bureau of Forensic Science | Medical – Legal Aspects of Death Investigation |
| 1989 | VABFS | Forensic Academy Annual Retaining |
| 1990 | VABFS | Forensic Academy Annual Retraining |
| 1991 | VABFS | Forensic Academy Annual Retraining |
| 1992 | NVCJA / FBI | Advanced Latent Fingerprint Examination |
| 1992 | VABFS | Forensic Academy Annual Retaining |
| 1992 | FBI Academy | Fingerprint Testimony and Demeanor School |
| 1993 | VA Division of Forensic Science | Fingerprint Examiners Annual Seminar |
| 1993 | Metropolitan Washington Police Department | Forensic Light Source and Chemistry Seminar |
| 1993 | Alexandria Police Department / FBI | Basic Fingerprint Classification |
| 1993 | VADFS | Forensic Academy Annual Retraining |
| 1994 | VADFS | Forensic Academy Annual Retraining |
| 1994 | NOVARIS | Demystifying Palm Prints |
| 1995 | VADFS | Forensic Academy Annual Retraining |
| 1996 | US Park Police / FBI | Latent Fingerprint Examination |

| Year | Organization | Course/Seminar |
|------|--------------|----------------|
| 1997 | VADFS | Alternate Light Source Workshop |
| 1997 | Chesapeake Bay Division / International Association for Identification | Fingerprint and Crime Scene Work Educational Seminar |
| 1997 | VADFS | Forensic Academy Annual Retraining |
| 1997 | CBD / IAD | Educational Seminar |
| 1998 | VADFS | Fingerprint Examiners Annual Seminar |
| 1998 | Maryland State Police Laboratory | Advanced Footwear and Tire Track Examination Course |
| 1998 | VADFS | Forensic Academy Annual Retraining |
| 1999 | CBD / IAI | Educational Seminar |
| 1999 | PWCJA / William Bodziak | Advanced Footwear Examination Course |
| 1999 | VADFS | Forensic Academy Annual Retraining |
| 1999 | CBD / IAI | Educational Seminar |
| 2000 | VADFS | Forensic Academy Annual Retraining |
| 2000 | VA State Police | AFIS 21 Training |
| 2001 | PWCJA | Advanced Fingerprint Testimony |
| 2001 | CBD / IAI | Educational Seminar |
| 2001 | VADFS | Fingerprint Examiners Seminar |
| 2002 | VADFS | Forensic Academy Annual Retaining |
| 2002 | CBD / IAI | Educational Seminar |
| 2003 | VADFS | Fingerprint Examiners Seminar |
| 2003 | VADFS | Forensic Academy Annual Retraining |
| 2003 | CBD/IAI | Educational Seminar |
| 2004 | VADFS | Forensic Academy Annual Retraining |
| 2004 | CBD/IAI | Educational Seminar |
| 2005 | VADFS | Forensic Academy Annual Retraining |
| 2005 | CBD/IAI | Educational Seminar |
| 2007 | New York State Police / IAI | Forensic Ridgeology |
| 2007 | CBD/IAI | Educational Seminar |
| 2007 | CBD/IAI | Latent Impressions Search Smart |
| 2007 | VADFS | Forensic Academy Annual Retraining |
| 2007 | ICE/FDL | Preparing for Daubert Testimony |
| 2008 | CBD/IAI | Educational Seminar |
| 2008 | CBD/IAI | Microscopy Workshop |

## EXPERT TESTIMONY EXPERIENCE

I have been accepted as an expert in fingerprint examination, footwear examination, as well as crime scene processing in all three levels of court in Prince William County.

I have been accepted as an expert in fingerprint examination in U.S. District Court, in the Districts of Arizona, and the Virgin Islands.

## PROFESSIONAL EXPERIENCE

1982 to 1990 - Prince William County VA Police, patrol officer. Duties to include: Handling calls for service, The investigation of crimes and accidents, The arrests and processing of prisoners, The location, preservation, documentation, and collection of evidence. Chemically processing of items for latent fingerprints, Apprenticeship in fingerprint examination, Courtroom testimony in cases investigated, Instructing other members of the police department in fingerprint and crime scene matters.

1991 to 2003 Crime Scene Analyst. Duties to include: Location, preservation, documentation, and collection of physical evidence in the major crime scenes of the county, the chemically processing of evidence for latent fingerprints. Training in the examination and comparison of fingerprints and footwear impressions. Instruction other members of the Department in fingerprint matters, crime scene processing, and footwear examination.

2003 to March 2007 - Fingerprint Technician. Duties to include: Conducting manual and computer comparisons of fingerprints and latent impressions. Effect identifications and report findings. Maintain records for future examinations and criminal history. Responding to subpoenas and providing expert testimony when needed. Additionally, continuing education and instruction in crime scene matters and footwear and tire track comparison are completed annually. Footwear and tire track comparisons were conducted and reports of findings generated.

March 2007 to Present – Senior Fingerprint Specialist - Department of Homeland Security, Immigrations and Customs Enforcement, Forensic Document Laboratory, Duties include but are not limited to the comparison of both known and latent fingerprint impressions utilizing standard methodology. The position also requires the proper handling and documentation of evidence. The chemical processing of evidentiary items submitted to the laboratory for analysis. The position requires the operation of several Automated Fingerprint Identification Systems (AFIS), for the search of unknown impressions. Court testimony would be provided as needed for the individual cases processed.

# EXHIBIT B

# EXHIBIT B

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

TRACIE L. BROWN (CSBN 184339)
LARA M. KROOP (CSBN 239512)
Special Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
Telephone: (415) 436-7200
Facsimile:  (415) 436-7234
E-mail: Tracie.Brown@usdoj.gov
        Lara.Kroop2@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | No.  CR 08-0272 SI |
| Plaintiff, | ) | **GOVERNMENT'S NOTICE OF EXPERT TESTIMONY (RULE 16)** |
| v. | ) | Trial Date:       June 30, 2008 |
| CELSO MARTEARENA-ARRIOLA, | ) | Pretrial Conf.:   June 24, 2008 |
| Defendant. | ) | |

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and discovery previously provided in the matter, the government here discloses the expert testimony it intends to offer at trial. The government reserves its right to supplement this Notice as its trial preparation continues.

**I.     Expert's Qualifications**

Kenneth Woods is a Senior Fingerprint Specialist with the Department of Homeland Security, Immigration and Customs Enforcement, Forensic Document Laboratory in McLean, Virginia. He has more than 20 years of experience in the field of fingerprint identification. He is qualified as an expert in fingerprint examination in the U.S. District Court for the Districts of

GOVT'S EXPERT NOTICE
CR 08-0272 SI

1  Arizona and the Virgin Islands. He has also been accepted as an expert in fingerprint
2  examination in all three levels of court in Prince William County, Virginia.
3      The government provided a full summary of Mr. Woods' qualifications, as contained in his
4  curriculum vitae, to the Defendant on June 9, 2008. *See* Bates No.CMA0423-0425.
5  **II.     Expert's Opinions and Bases Therefor**
6      Mr. Woods will testify as to his review and examination of the fingerprints on the
7  Warrants of Deportation and the fingerprints on the fingerprint cards contained in the
8  Defendant's A-file. The government anticipates that Mr. Woods will offer his expert opinion
9  that the fingerprints on each document that he reviewed and examined were made by the same
10 individual. He will testify that his opinion was made by an analysis, comparison, and evaluation
11 of the friction ridge detail on the documents he reviewed. Mr. Woods will also testify that his
12 conclusions are based on the two fundamental principles of friction ridge identification: (1)
13 friction ridges present in fingerprints begin to develop in the fetus and persist, unchanged, until
14 after death when decomposition destroys the ridged skin and; (2) no two fingerprints are the
15 same, even identical twins. Mr. Woods will further testify that the means of arriving at this
16 conclusion was based on the standard ACE-V (Analysis, Comparison, Evaluation – Verification)
17 methodology and he will further explain this methodology.
18     The government provided Mr. Woods' report of his analysis to the Defendant on June 9,
19 2008. *See* Bates No. CMA0421-0422.
20
21 DATED: June 13, 2008              Respectfully submitted,
22                                     JOSEPH P. RUSSONIELLO
23                                     United States Attorney
24                                     _____/s/_____
25                                     LARA M. KROOP
26                                     Special Assistant United States Attorney
27
28