BARRY J. PORTMAN
Federal Public Defender
19th Floor Federal Building – Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-08-0272 SI |
| | ) | |
| Plaintiff, | ) | JOINT MEMORANDUM RE: JURY INSTRUCTIONS |
| | ) | |
| v. | ) | |
| | ) | Pretrial Conference: June 24, 2008 |
| CELSO MARTEARENA-ARRIOLA | ) | |
| | ) | |
| Defendant. | ) | |

Having met and conferred pursuant to the Court's criminal pretrial order, the parties jointly submit this pretrial memorandum concerning jury instructions.

**I.    Agreed-Upon Instructions**

The parties agree that the Court should give each of the model jury instructions listed in the Court's Order for Criminal Pretrial Preparation (*viz.*, 1.1 - 1.11; 2.1 - 2.2; 3.1- 3.11; and 7.1 - 7.5)

//

//

//

//

CR-08-0272 SI; JOINT MEMO RE: JURY INSTRUCTIONS            1

The parties further agree that the Court should give the following additional instructions from the Ninth Circuit Manual of Model Criminal Jury Instructions (2003 ed., last updated May 2007):

| | | |
|---|---|---|
| 1.12 | Outline of Trial | |
| 1.13 | Jury To Be Guided by Official English Translation/Interpretation | |
| 2.4 | Stipulations of Fact | |
| 2.7 | Transcript of Recording in English | |
| 4.1 | Statements by Defendant | |
| 4.6 | Impeachment with Prior Conviction of Defendant | |
| 4.8 | Impeachment Evidence - Witness | |
| 4.17 | Opinion Evidence, Expert Witness | |
| 5.6 | Knowingly–Defined | |
| 7.6 | Communication with Court | |
| 9.5B | Alien–Deported Alien Found In United States (Exhibit A) | |

## II.  Government's Proposed Addition to Instruction 9.5B

The government proposes adding the following instruction which it claims is the Ninth Circuit definition of the term "voluntarily":

> When an alien is found in an area that does not share a border with Mexico, it is sufficient to prove voluntary entry. United States v. Bahena-Cardenas, 411 F.3d 1067, 1074 (9th Cir. 2005). When an alien is found well within the United States, far from the border, his entry and presence are presumed to be voluntary. United States v. Jimenez-Boria, 363 F.3d 957, 961 (9th Cir. 2004).

Defendant's Objection The government seeks an instruction that the jury should presume that the defendant's entry and presence was voluntary from the fact that he was found at a place well within the United States, far from the border. The instruction is not supported by the cases the government cites. Bahena-Cardenas did not deal with a definition or a jury instruction of "voluntarily" but with a defense challenge that the government's proof at trial was insufficient to

permit a jury to conclude the defendant had entered the country voluntarily. The opinion relied on United States v. Quintana-Torres, 224 F.3d 1157, 1159 (9th Cir. 2000) which said that a jury could infer that an alien discovered within the United States at a location other than border intended to be here but "[s]uch a conclusion is not a presumption of law." The Jimenez-Boria opinion which was amended, 378 F.3d 853 (9th Cir. 2004), was a harmless error analysis of a trial court's failure to instruct on the defendant's voluntary reentry into the United States. Since the defendant never argued nor would the evidence support argument that his reentry was involuntary, the Ninth Circuit found it was harmless error for the trial court to fail to instruct on voluntarily reentering the United States. The court did not suggest a definition of the term "voluntarily." Finally, the Committee on Model Criminal Jury Instructions Within the Ninth Circuit recommends that "extreme caution be used in instructing the jury regarding presumptions." 9th Cir. Crim. Jury Instr. 5.8 comment. (2003). Therefore, the defendant requests that the government's proposed additional instruction not be given.

Dated:  June 17, 2008

                                          Respectfully submitted,

                                          /s

                                          BARRY J. PORTMAN
                                          Counsel for the Defendant

# EXHIBIT A

# EXHIBIT A

# 9.5B ALIEN–DEPORTED ALIEN FOUND IN UNITED STATES
## (8 U.S.C. § 1326(a))

The defendant is charged in [Count ___ of] the indictment with being an alien who, after deportation, was found in the United States in violation of Section 1326(a) of Title 8 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was deported from the United States;

Second, after deportation, the defendant voluntarily entered the United States;

Third, [when the defendant entered [he] [she] knew [he] [she] was entering the United States] [after the defendant entered the United States [he] [she] knew that [he] [she] was in the United States and knowingly remained];

Fourth, the defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; and

Fifth, the defendant was an alien at the time of the defendant's entry into the United States.

An alien is a person who is not a natural-born or naturalized citizen [or a national] of the United States.

### Comment

*See* Comment to Instruction 9.5 (Alien—Deported Alien Who Reenters United States Without Consent to Reapply for Admission).

In *United States. v. Salazar-Gonzalez*, 458 F.3d 851, 856 (9th Cir. 2006), the court clarified "an area of confusion in our § 1326 jurisprudence" by holding "that for a defendant to be convicted of a Section 1326 "found in" offense, the government must prove beyond a reasonable doubt that he entered voluntarily *and* had knowledge he was committing the underlying act that made his conduct illegal – entering or remaining in the United States.

If the defendant raises the defense that he or she is a national, the court may wish to define the term "national" as: "[A] person who, though not a citizen of the United States, owes permanent allegiance to the United States." 8 U.S.C. § 1101(a)(22)(B).