JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

TRACIE L. BROWN (CABN 184339)
Assistant United States Attorney
LARA M. KROOP (CABN 239512)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Email: Tracie.Brown@usdoj.gov
           Lara.Kroop2@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0272 SI |
| Plaintiff, | UNITED STATES' TRIAL MEMORANDUM |
| v. | Trial Date: June 30, 2008 |
| CELSO MARTEARENA-ARRIOLA, | Time: 8:30 a.m. |
| Defendant. | PreTrial Conf.: June 24, 2008<br>Time: 3:30 p.m. |

Pursuant to the Court's Standing Order for Criminal Pretrial Preparation, the United States hereby submits its Trial Memorandum.

**A.    LEGAL AND FACTUAL BASIS FOR THE CHARGE**

    **1.    Statement of Facts**

On April 29, 2008, a federal grand jury returned a one-count Indictment charging Defendant with Being an Alien Found In the United States After Deportation, in violation of Title 8, United States Code, Section 1326. Defendant was arraigned on the Indictment and pled

not guilty on April 30, 2008. On May 9, 2008, the parties made their initial appearance before this Court and set a trial date.

Defendant is a citizen of Mexico, without any permission to enter the United States. Defendant was ordered removed and was deported from the United States on or about November 29, 1994, August 7, 1998, June 21, 2001 and April 27, 2005. On or about April 9, 2008, pursuant to a referral from State authorities, Defendant was found in the United States in San Quentin State Prison, where he was incarcerated at the time.

**2.    Pertinent Law – 8 U.S.C. § 1326[1]**

The United States must prove beyond a reasonable doubt that:

(1)    The defendant was deported from the United States;

(2)    The defendant voluntarily entered the United States after deportation;

(3)    The defendant knew he was in the United States after he entered and he knowingly remained;

(4)    The defendant was found in the United States without having obtained permission from the United States Attorney General or the Secretary for Homeland Security to reenter the United States; and

(5)    The defendant was an alien at the time of reentry.

**3.    Anticipated Evidence**

As set forth in more detail in the United States' Proposed Witness List and Exhibit List, it is anticipated that the evidence will generally consist of:

- Defendant's sworn statements from 2001 and 2008 stating that he is a citizen and national of Mexico, that he was previously deported, that he reentered the United States, and that he did not obtain the permission of either the Attorney General or the Secretary of the Department of Homeland Security;

- Testimony from the Immigration and Customs Enforcement ("ICE") agents who took the above-referenced 2001 and 2008 sworn statements from Defendant;

---

[1] Ninth Circuit Manual of Model Criminal Jury Instructions, Instr. 9.5B (2003 ed., last updated January 2007).

UNITED STATES' TRIAL MEMORANDUM
CR 08-0272 SI

1  • Five warrants of deportation to show that Defendant was deported prior to
2    reentering the United States;
3  • Testimony of ICE agents who witnessed Defendant's deportations and who
4    signed his warrants of deportation;
5  • Fingerprints on each of the warrants of deportation and Defendant's fingerprint
6    cards showing that Defendant was the individual who was deported;
7  • Testimony of a fingerprint expert to show that all of the fingerprints on the
8    warrants of deportation and those on Defendant's fingerprint cards are the
9    fingerprints of the same individual;
10 • Testimony of the ICE agent who found Defendant in the United States pursuant to
11   his incarceration at San Quentin in April 2008;
12 • Testimony of the ICE agent who took Defendant's fingerprints in April 2008; and
13 • The Certificate of Non-Existence from Defendant's A-File.

**B.   EVIDENTIARY STIPULATIONS**

The government has proposed, and the Defendant has agreed to, the following evidentiary stipulations:

- That the 1994, 1995, 1998, 2001 and 2005 Warrants of Deportation are authentic and qualify as public records under FRE 803(8);
- That the 2001 and 2008 Sworn Statements of Defendant are authentic and qualify as public records under FRE 803(8);
- That the Certificate of Non-existence of Record is authentic and qualifies as a public record under FRE 803(8);
- That the 1994, 1995 and 2005 immigration hearing tapes are authentic and qualify as public records under FRE 803(b);[2]
- That Defendant was found in the United States in the Northern District of

---

[2] However, Defendant reserves his objections to the admissibility of the hearing tapes on the grounds of relevance and prejudice. Additionally, the government agrees not to seek admission of these tapes unless Defendant testifies.

UNITED STATES' TRIAL MEMORANDUM
CR 08-0272 SI

California on or about April 9, 2008;[3] and

- That Defendant's fingerprint cards, contained in his A-file, are authentic and qualify as public records under FRE 803(8).[4]

## C. ANTICIPATED EVIDENTIARY ISSUES

The government anticipates that the following evidentiary issues, which have been raised in the parties' Motions *in Limine*, will arise:

- The admissibility of Rule 609 evidence, in particular a 1995 perjury conviction and a 1997 conviction for providing false identification to a peace officer;
- The admissibility of expert testimony by a fingerprint expert whose testimony will show that the fingerprints on Defendant's fingerprint cards were made by the same individual whose fingerprints appear on the warrants of deportation;
- The prohibition of any reference to why Defendant reentered or remained in the United States;
- The prohibition of any reference to Defendant's background and prior residency;
- The prohibition of any collateral attacks on any prior deportations or removals;
- The prohibition of any reference to penalty;
- The prohibition of any reference to any alleged belief by Defendant that he was not required to obtain permission to reenter the United States; and

///

---

[3] The government would like to address, at the PreTrial Conference, how it may present testimony and evidence relating to Defendant having been found in the United States, without prejudicing either the Defendant or the government. The government understands that it may prejudice the Defendant for the jury to hear that he was "found" while incarcerated at San Quentin State Prison. However, the government is concerned that if the jury is given no information regarding the circumstances of how the Defendant was found, it may speculate that he was arrested in some kind of ICE enforcement raid on factory or farm workers, which obviously would prejudice the government. Accordingly, the government proposes that it be able to introduce brief and general testimony that the Defendant came to the attention of ICE based on his contact with local law enforcement in an unrelated matter.

[4] However, pursuant to Defendant's request, the government has agreed to redact the information on the reverse side of the fingerprint cards.

UNITED STATES' TRIAL MEMORANDUM
CR 08-0272 SI

1 • The admissibility of bullet point two on the 2001 "Determination of
2 Inadmissibility" (Bates CMA0054).
3
4 DATED: June 19, 2008                    Respectfully submitted,
                                          JOSEPH P. RUSSONIELLO
5                                         United States Attorney
6
7                                         _____/s/_____
                                          LARA M. KROOP
8                                         Special Assistant United States Attorney

UNITED STATES' TRIAL MEMORANDUM
CR 08-0272 SI