JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

TRACIE L. BROWN (CABN 184339)
Assistant United States Attorney
LARA M. KROOP (CABN 239512)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    E-mail: Tracie.Brown@usdoj.gov
            Lara.Kroop2@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0272 SI |
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL MEMORANDUM RE: JURY INSTRUCTION 9.5B |
| v. | |
| CELSO MARTEARENA-ARRIOLA, | Pre-Trial Conf.: June 24, 2008<br>Time: 3:30 p.m. |
| Defendant. | |

      The government hereby seeks to supplement Jury Instruction 9.5B submitted in the Joint Memorandum Re: Jury Instructions with a proposed instruction on "voluntarily" and an instruction on unanimity.

**I.    Proposed Instruction Defining "Voluntarily"**

      The government proposes adding an instruction to define "voluntarily" for the jury. Voluntariness is an element of being "found in" the United States after deportation, and the government must prove beyond a reasonable doubt that Defendant voluntarily reentered or remained in the United States. United States v. Salazar-Gonzalez, 458 F.3d 851, 856 (9th Cir.

2006); United States v. Quintana-Torres, 235 F.3d 1197, 1200 (9 th Cir. 2000) (stating that, "the voluntariness of the return is an element of the crime and, as such, must be proved beyond a reasonable doubt by the prosecution. Alternatively, voluntarily remaining in the country after an involuntary entry satisfies the statute.").

The jury will receive an instruction on the definition of "knowingly" and it is therefore also necessary to instruct the jury on "voluntarily" because it is also an element of the offense and a term that may be open to interpretation or unclear to the jury. Defining one term for the jury and not the other could lead to jury confusion or conflation of the two distinct terms.

The government proposes the following instruction, which is the Ninth Circuit definition of "voluntarily":

> Evidence that the Defendant was found at any location in the United States other than the border is circumstantial proof from which you may infer that the Defendant voluntarily entered the United States.[1]

The above instruction is consistent with Ninth Circuit case law. Ninth Circuit case law makes clear that, although not a presumption of law, "[a] reasonable juror may well infer that the alien had the intention to be here [in the United States] when the alien is discovered at any location in the country other than the border." Quintana-Torres, 235 F.3d at 1200. The case law explains further that, "it is circumstantial proof that is convincing unless explained away...There is an inference [of voluntary entry] that a reasonable mind could accept as true beyond a reasonable doubt. To dispel the inference, the alien would have to demonstrate that one of the speculative possibilities of involuntary entry had actually taken place." Id. See also, United States v. Rivera-Sillas, 417 F.3d 1014, 1021 (9th Cir. 2005) (stating that, "[b]ecause involuntary presence in the United States is the rare exception and not the rule, however, we allow an inference of voluntariness where the defendant has raised no evidence to the contrary"); United States v. Castellanos-Garcia, 270 F.3d 773, 776 (9th Cir. 2002) (finding that discovery of the defendant in the United States is sufficient for a jury to infer voluntary entry absent evidence to

---

[1] The government proposes this instruction in lieu of the one set forth in the Joint Memorandum submitted by the Defendant.

GOV'T'S SUPPLEMENTAL MEMO RE: INSTR. 9.5B
CR 08-0272 SI

the contrary (citing Quintana-Torres, 235 F.3d at 1200)); United States v. Parga-Rosas, 238 F.3d 1209, 1214 (9th Cir. 2001) (holding that a reasonable jury could infer that defendant reentered voluntarily when he was found far from the border in Chula Vista and presented no evidence of involuntary reentry) (citing Quintana-Torres, 235 F.3d at 1200)); United States v. Bahena-Cardenas, 411 F.3d 1067, 1074 (9th Cir. 2005) (holding that a reasonable juror could infer that entry was voluntary where the defendant was found in San Diego County in a city that does not share a border with Mexico and where defendant did not present any evidence to the contrary).[2]

      Although the above-cited Ninth Circuit cases are not specifically about jury instructions, they are cases about the definition of "voluntarily" and the sufficiency of evidence from which a reasonable juror can infer beyond a reasonable doubt that entry was voluntary.  A permissive inference–such as the instruction proposed herein–suggests to the jury that an element *may* be found if the government proves certain facts beyond a reasonable doubt.  Permissive inferences are proper if the jury remains free to reach its own conclusions. United States v. Warren, 25 F.3d 890, 898-899 (9th Cir. 1994) (holding that a jury instruction allowing the jury to infer malice aforethought from the defendant's use of a knife was not error where there were adequate qualifying instructions to make clear that the Judge was not implying that the jury should return a guilty verdict, and when it was clear that there was no obligation to make the inference). But cf. United States v. Rubio-Villareal, 967 F.2d 294 (9 th Cir. 1992) (finding improper a permissive instruction to infer that the driver of a vehicle knew there was contraband in the vehicle because he was the driver, and expressing concern that the jury would fixate on this isolated evidence and overlook exculpatory evidence).

      However, unlike the circumstances in Rubio-Villareal, in this case, the "voluntarily" instruction does not pose the risk that a jury would overlook exculpatory evidence.  Here, the possibility of overlooking evidence regarding involuntary reentry, which is an exceptional and

---

[2] The instruction is particularly appropriate in the instant case where Defendant was found in Marin County, California in the Northern District of California, far beyond any proximity to the border with Mexico.  Furthermore, there has been no indication, nor is there a basis, for Defendant to argue that he entered the United States involuntarily.

GOV'T'S SUPPLEMENTAL MEMO RE: INSTR. 9.5B
CR 08-0272 SI

rare occurrence, is highly unlikely. Inferring voluntary reentry is markedly different than inferring that a driver had knowledge that contraband was concealed in his vehicle by virtue of the fact that he was driving the vehicle. In the case of a vehicle, there are several plausible explanations for a driver's lack of knowledge as to its contents. Not so in the case of a § 1326 violation where, as the Ninth Circuit cases consistently demonstrate, involuntary entry is rare and exceptional, and evidence of such an unusual circumstance would not escape the attention of a jury. Furthermore, there are other facts in evidence in this case that would also allow the jury to determine the voluntariness of Defendant's reentry. In his 2008 sworn statement, for example, Defendant admits that he reentered the United States on May 5, 2005 by truck. Additionally, the jury will hear evidence that Defendant was deported multiple times. This evidence, combined with the lack of evidence regarding involuntary reentry, will provide the jury with additional facts regarding Defendant's reentry. Therefore a permissive inference is appropriate under the facts and circumstances of this case.

The government therefore requests that this Court give the proposed jury instruction on "voluntarily." Adding this clarifying instruction is appropriate under the facts and circumstances of this case. By contrast, failure to give any instruction on "voluntarily" runs the risk of confusing the jury and depriving them of the legal guidance they need to apply the applicable law to the evidence.

**II.    Proposed Instruction on Unanimity**

The government hereby requests the following revision to the first element set forth in Jury Instruction 9.5B:

First, the defendant was deported from the United States, with the jury finding unanimously that the defendant was deported on any one (or more) of the following dates: November 29, 1994, November 14, 1995, August 7, 1998, June 21, 2001, or April 27, 2005.

General unanimity instructions are appropriate and sufficient to instruct the jury that they must be unanimous on the facts that form the basis of a guilty verdict. United States v. Kim, 196 F.3d 1079, 1082 (9th Cir, 1999). Specific unanimity instructions are required when there is the

possibility of jury confusion or when a jury may convict as the result of different jurors concluding that a defendant committed different acts. United States v. Anguiano, 873 F.2d 1314, 1319 (9th Cir. 1989). In this case, the above instruction is appropriate because the jury will hear evidence of multiple deportations. It is conceivable that different jurors may find that the government proved different deportations. Therefore, to remove any concern as to a lack of unanimity on the first element, it will be helpful to instruct the jury that they can use any one of the five prior deportations to form the basis of a guilty verdict, as long as they unanimously find that the government has proven that deportation beyond a reasonable doubt.

### III. Conclusion

The government respectfully requests that the Court revise Jury Instruction 9.5B as set forth above.

DATED: June 19, 2008

Respectfully submitted,
JOSEPH P. RUSSONIELLO
United States Attorney


_____/s/_____
LARA M. KROOP
Assistant United States Attorney