JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

TRACIE L. BROWN (CABN 184339)
Assistant United States Attorney
LARA M. KROOP (CABN 239512)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    E-mail: Tracie.Brown@usdoj.gov
           Lara.Kroop2@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0272 SI |
| Plaintiff, | GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* RE: 2001 ORDER OF REMOVAL |
| v. | |
| CELSO MARTEARENA-ARRIOLA, | Pre-Trial Conf: June 24, 2008 |
| Defendant. | Time: 3:30 p.m. |

## I. BACKGROUND

The government opposes Defendant's Motion *in Limine* to Exclude Certain Information from the 2001 Order of Removal. The government hereby seeks the admission of the 2001 Order and Expedited Order of Removal with certain redactions, attached hereto as Exhibit A.[1]  *See* Bates

---

[1] The government has agreed to redact the reference to Defendant's aggravated felony on the 2001 Notice to Alien Ordered Removed/Departure Verification. *See* Bates CMA0053. The government has also agreed to redact bullet points 1, 3, 4, and 5 on the 2001 Notice and Order of Expedited Removal. The attached copy is not redacted. *See* Bates CMA0054.

GOV'T'S OPP. TO DEF'S MOTION IN LIMINE RE: 2001 REMOVAL ORDER
CR 08-0272 SI

1  CMA0053-54. As the Defendant is aware, the government has agreed to redact the information
2  to which Defendant objected, with the exception of the second bullet point on the 2001 Notice
3  and Order of Expedited Removal. The only contested statement that the government seeks to
4  admit is the second bullet point, "You verbally declared yourself to be a citizen of the United
5  States."[2] CMA0054. The government agreed to redact the fifth bullet point,[3] which Defendant
6  objected to in his June 17, 2008 Motion *in Limine*. The government seeks to admit the second
7  bullet point because it is relevant to one of the elements of the crime that the government must
8  prove beyond a reasonable doubt.

## II.  DISCUSSION

### A.  The Evidence is Relevant

The government must prove all of the elements of a crime beyond a reasonable doubt to the jury. The third element of the crime, of Being an Alien Found in the United States After Deportation, is knowledge. The government must prove beyond a reasonable doubt that, "[w]hen Defendant entered he *knew* he was entering the United States, or after Defendant entered, he *knew* that he was in the United States and he *knowingly* remained in the United States." Ninth Circuit Manual of Model Criminal Jury Instructions, Instruction 9.5B (2003 ed., last update January 2007) (emphasis added).

The statement by Defendant, when he previously entered the United States, to an Immigration official that he was a citizen of the United States is relevant to Defendant's knowledge of his presence in the United States. Relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401. Defendant's prior statement reveals his knowledge of where he was. Defendant would likely not claim that he was a United States citizen if he thought he was in another country. Defendant

---

[2]This statement is a non-hearsay statement of a party-opponent under FRE 801(d)(2).

[3]"You falsely represented yourself to be a United States citizen." Bates CMA0054.

likely said that he was a United States citizen, when he was not, because he *knew* that he had entered the United States and saying that he was a citizen might be a means of staying in the country. This statement makes not only a fact of consequence more or less probable, but it goes directly to an element of the crime. The evidence is therefore relevant because it shows what Defendant knew of his circumstances and his whereabouts when he previously entered the United States.

**B.     The Probative Value of the Evidence Outweighs Any Prejudicial Effect**

Defendant argues that the evidence should not be admitted because it is prejudicial under FRE 403. Rule 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of *unfair* prejudice..." FRE 403. (emphasis added). Here, the probative value of the evidence is very high because it shows what Defendant said, thought and knew, when he entered the United States.

Defendant previously told an Immigration official that he was a United States citizen and that may provide the jury with circumstantial evidence of what Defendant was thinking when he entered the United States, and what he knew of his circumstances, on his most recent entry. Here, the evidence is very probative of an element of the crime and thus weighs heavily on the side of admission. United States v. Bailleaux, 685 F.2d 1105, 1111 (9th Cir. 1982) (stating that, "...the greater the degree of probativeness possessed by the evidence, the greater the showing of unfair prejudice that will be required to exclude the evidence").

The probative value of this evidence is high, and the possible prejudicial effect to Defendant is low. The government has chosen bullet point two and not bullet point five to admit because bullet point two is much more neutral. The government does not seek to admit the statement in bullet point five, which is accusatory, but rather seeks to admit only the declarative and non-judgmental statement in bullet point two.

Furthermore, FRE 403 refers to "unfair prejudice" and not just to prejudice. Unfair prejudice does not refer to evidence that may be bad for Defendant or his case. Almost all evidence will be prejudicial to one party or another. However, unfair prejudice "'refers to an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an

emotional one' or 'evidence designed to elicit a response from the jurors that is not justified by the evidence.'" United States v. Ellis, 147 F.3d 1131, 1135 (9th Cir. 1998) (citing 2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 403.04[1][b] (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 1997)).  The statement here is justified by the evidence and is not designed to play on the emotions of a jury.  One of the elements of the crime here is that Defendant knowingly entered the United States.  The statement that he made to an Immigration official upon entering the United States is highly probative and does not unfairly prejudice Defendant.

### III.  CONCLUSION

The government requests that the Court admit bullet point number two because it is relevant in that it goes directly to Defendant's knowledge, which is an element of the crime that the government must prove beyond a reasonable doubt.  No unfair prejudice will result from admission of this statement; if there is minimal prejudice to Defendant it is outweighed by the substantial probative value of the statement.  The government specifically chose this statement to admit, and agreed to redact other prejudicial statements, because bullet point two is a probative and neutral statement.

DATED: June 20, 2008                    Respectfully submitted,
                                        JOSEPH P. RUSSONIELLO
                                        United States Attorney


                                        _____/s/_____
                                        LARA M. KROOP
                                        Special Assistant United States Attorney

GOV'T'S OPP. TO DEF'S MOTION IN LIMINE RE: 2001 REMOVAL ORDER
CR 08-0272 SI

# EXHIBIT A

| Immigration and Naturalization Service | Notice to Alien Ordered Removed/Departure Verification |
|---|---|

File No: A91 761 305

Date: February 20, 2001

6/21/01

Alien's Full Name:  MARTEARENA-Arriola, Celso

You have been found to be inadmissible to the United States under the provisions of section 212(a) of the Immigration and Nationality Act (Act) or deportable under the provisions of section 237 of the Act as a Visa Waiver Pilot Program violator. In accordance with the provisions of section 212(a)(9) of the Act, you are prohibited from entering, attempting to enter, or being in the United States:

☐ for a period of 5 years from the date of your departure from the United States as a consequence of your having been found inadmissible as an arriving alien in proceedings under section 235(b)(1) or 240 of the Act.

☐ for a period of 10 years from the date of your departure from the United States as a consequence of your having been ordered removed under any section of the Act other than section 235(b)(1) or 240, or of your having been ordered excluded under section 236 of the Act in proceedings commenced prior to April 1, 1997.

☐ for a period of 20 years from the date of your departure from the United States as a consequence of your having been found inadmissible and of your having been previously excluded, deported, or removed from the United States.

☒ at any time because in addition to having been found inadmissible, you have been convicted of a crime designated as an aggravated felony.

After your deportation or removal has been effected, if you desire to reenter the United States within the period during which you are barred, you must request and obtain permission from the Attorney General to reapply for admission into the United States. You must obtain such permission prior to commencing your travel to the United States. Application forms for requesting such permission may be obtained by contacting any United States Consulate or office of the United States Immigration and Naturalization Service.

**WARNING:** Title 8 United States Code, Section 1326 provides that it is a crime for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States during the period in which he or she is barred from so doing without the Attorney General's consent. Any alien who violates this section of law is subject to prosecution for a felony. Depending on the circumstances of the removal, conviction could result in a sentence of imprisonment for a period of from 2 to 20 years and/or a fine of up to $250,000.

| P. Mitchell, SDP/321 | Acting Senior Immigration Inspector | San Ysidro, California |
|---|---|---|
| (Signature of officer serving warning) | (Title of officer) | (Location of INS office) |

## Verification of Removal
(Complete this section for file copy only)

| Departure date 6/21/01 | Port of departure SYS | Manner of departure AFOOT |
|---|---|---|
| Signature of verifying officer  S267 | Title of officer DEO | |


Photograph of alien removed

(Signature of alien whose fingerprint and photograph appear above)


Right index fingerprint of alien removed

(Signature of official Taking fingerprint)

Form I-296 (6-1-97)

CMA0053

| U.S. Department of Justice | |
|---|---|
| Immigration and Naturalization Service | Notice and Order of Expedited Removal |

## DETERMINATION OF INADMISSIBILITY

File No: A91 761 305
Date: February 20, 2001

In the Matter of: MARTEARENA-Arriola, Celso

Pursuant to section 235(b)(1) of the Immigration and Nationality Act (Act), (8 U.S.C. 1225(b)(1)), the Immigration and Naturalization Service has determined that you are inadmissible to the United States under section(s) 212(a) ☐ (6)(C)(i); ☒ (6)(C)(ii); ☒ (7)(A)(i)(I); ☐ (7)(A)(i)(II); ☐ (7)(B)(i)(I); and/or ☐ (7)(B)(i)(II) of the Act, as amended, and therefore are subject to removal, in that:

- On or about February 20, 2001, you applied for admission into the United States.
- You verbally declared yourself to be a citizen of the United States.
- You are a citizen and national of Mexico.
- You have no legal right to either enter, pass through, or remain in the United States.
- You falsely represented yourself to be a United States citizen and are not in possession of a valid entry document as is required by the Act.

P. Mitchell, SDP/321   Immigration Inspector
Name and title of immigration officer (Print)
Signature of immigration officer

## ORDER OF REMOVAL
## UNDER SECTION 235(b)(1) OF THE ACT

Based upon the determination set forth above and evidence presented during inspection or examination pursuant to section 235 of the Act, and by the authority contained in section 235(b)(1) of the Act, you are found to be inadmissible as charged and ordered removed from the United States.

D. Salazar, SII
Name and title of immigration officer (Print)
Signature of immigration officer

M. Partida, AAPD
Name and title of supervisor (Print)
Signature of supervisor, if available

☐ Check here if supervisory concurrence was obtained by telephone or other means (no supervisor on duty).

### CERTIFICATE OF SERVICE

I personally served the original of this notice upon the above-named person on   6/21/01
(Date)

Signature of immigration officer

Form I-860 (Rev. 4-1-97)

CMA0054