1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney

2  BRIAN J. STRETCH (CABN 163973)
3  Chief, Criminal Division

4  TRACIE L. BROWN (CABN 184339)
   Assistant United States Attorney
5  LARA M. KROOP (CABN 239512)
   Special Assistant United States Attorney

      450 Golden Gate Avenue, Box 36055
7     San Francisco, California 94102-3495
      Telephone: (415) 436-7200
8     FAX: (415) 436-7234
      E-mail: Tracie.Brown@usdoj.gov; LaraKroop2@usdoj.gov
9  Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0272 SI |
| Plaintiff, | UNITED STATES' MOTIONS *IN LIMINE* TO: |
| v. | (A) ADMIT 609 EVIDENCE; |
| | (B) ADMIT EXPERT TESTIMONY; |
| CELSO MARTEARENA-ARRIOLA, | (C) PROHIBIT REFERENCE TO WHY DEFENDANT REENTERED OR REMAINED IN THE UNITED STATES; |
| Defendant. | (D) PROHIBIT REFERENCE TO DEFENDANT'S BACKGROUND AND PRIOR RESIDENCY; |
| | (E) PROHIBIT COLLATERAL ATTACK ON PRIOR DEPORTATIONS AND REMOVALS; |
| | (F) PROHIBIT REFERENCE TO PENALTY; |
| | (G) PRECLUDE ALL WITNESSES EXCEPT CASE AGENT; AND |
| | (H) PROHIBIT REFERENCE TO ANY ALLEGED BELIEF BY DEFENDANT THAT HE WAS NOT REQUIRED TO OBTAIN PERMISSION TO REENTER THE UNITED STATES. |
| | Pretrial Conference: August 12, 2008 Time: 3:00 p.m. |

UNITED STATES' MOTIONS IN LIMINE
CR 08-0272 SI

1

Plaintiff, the UNITED STATES OF AMERICA, hereby files its Motions *in Limine*.

**I.**

### STATEMENT OF THE CASE

A federal grand jury returned an Indictment charging Defendant with Illegal Reentry by an Alien after Deportation, in violation of Title 8, United States Code, Section 1326, on April 29, 2008. Defendant was arraigned on the Indictment and pled not guilty on April 30, 2008. On May 9, 2008, this Court held a hearing at which time a trial date was set. The Court subsequently vacated the June 30, 2008 trial date because defendant requested and was appointed new counsel.

**II.**

### STATEMENT OF THE FACTS

Defendant is a citizen of Mexico, without any permission to enter the United States. Defendant was ordered removed and was deported from the United States on or about November 29, 1994, August 7, 1998, June 21, 2001 and April 27, 2005. On or about April 9, 2008, pursuant to a referral from state authorities, Defendant was found in the United States at San Quentin State Prison, where he was incarcerated at the time.

**III.**

### UNITED STATES' MOTIONS *IN LIMINE*

A.    The Court Should Admit Rule 609 Evidence

Pursuant to Federal Rule of Evidence 609(a)(2), the government seeks to admit evidence of Defendant's prior convictions to impeach him should he testify at trial. In particular, the government seeks to admit Defendant's felony conviction for perjury and his misdemeanor conviction for false identification to a peace officer.

Rule 609(a)(2) provides that "evidence that any witness is convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment." Therefore both felony and misdemeanor convictions of false statement or dishonesty are admissible. Additionally, although general felony crimes admitted pursuant to Federal Rule of Evidence

Rule 609(a)(1) may be excluded under Rule 403, the Ninth Circuit has held that crimes of dishonesty or false statement admitted pursuant to Rule 609(a)(2) cannot be excluded under Rule 403. United States v. Leyva, 659 F.2d 118, 121 (9th Cir. 1982) (citing from the Congressional Conference Report on the Rules of Evidence, the Court held that "convictions of crimes of deception are always provable, regardless of penalty, unless time barred"); United States v. Brashier, 548 F.2d 1315, 1326-27 (9th Cir. 1976) ("[t]he admission of prior convictions involving dishonesty and false statement is not within the discretion of the Court. Such convictions are peculiarly probative of credibility and . . . are always to be admitted."). When the conviction is a crime of dishonesty or false statement, the court is not required to make findings that the probative value of the evidence outweighs the prejudicial effect. United States v. McClintock, 748 F.2d 1278, 1288 (9th Cir. 1984).

On November 24, 1997, Defendant was convicted of providing false identification to a peace officer in violation of California Penal Code § 148.9. On August 22, 1995, Defendant was convicted of the felony of perjury in violation of California Penal Code § 118. Insofar as both of these crimes involve the making of false statements, in itself an act of dishonesty, these convictions fall squarely within Federal Rule of Evidence 609(a)(2) and should be admitted.

Both the perjury conviction and the conviction for providing false identification to a peace officer should also be admitted under Rule 609(b). The probative value of these convictions substantially outweighs any prejudicial effect to Defendant. "Probative value is determined by how likely the evidence is to prove some fact." United States v. Bensimon, 172 F.3d 1121, 1126 (9th Cir. 1999). In this case, the probative value of Defendant's prior convictions is very high because his convictions go directly to his dishonesty while under oath and to his dishonesty to law enforcement. This is the exceptional case where Defendant's convictions are highly probative and substantially outweigh any prejudicial effect. If Defendant chooses to testify, his credibility will be a central issue in the case and Defendant's character for honesty, particularly under oath, is a factor that should be carefully weighed by the Court. The importance of Defendant's testimony is crucial in a case such as this, where Defendant would

presumably be called to testify only if he intended to claim that (1) he was involuntarily brought to this country, (2) he did not have a conscious desire to enter the United States, (3) he was never actually deported, (4) he was not an illegal alien, or (5) he had received the permission to re-enter the United States, even though the Department of Homeland Security has no record of such permission being granted.  This Defendant has been convicted of both perjury and providing false identification to a peace officer.  These convictions are highly probative in a case such as this where Defendant, if he testifies, will testify to central issues in this case while under oath before this Court, including testimony regarding the veracity of statements he made to federal agents while under oath.  Cf. United States v. Murray, 751 F.2d 1528, 1533 (9th Cir. 1985) (holding that the district court did not abuse its discretion in allowing an eighteen year old conviction for receipt of stolen property, which suggests a lack of veracity, to be used for impeachment where Defendant's credibility was highly probative to resolve a conflict between Defendant's testimony and the Government's witness).

Accordingly, the United States should be allowed to introduce evidence of Defendant's convictions for perjury and false identification to a peace officer, under Rule 609(a)(2), if Defendant elects to testify at trial.

B.     The Court Should Admit Expert Testimony

The United States moves to admit testimony of a fingerprint expert to identify Defendant as the person who was previously deported from the United States on November 29, 1994, August 7, 1998, June 21, 2001 and April 27, 2005, and found in the United States on April 9, 2008.

If specialized knowledge will assist the trier-of-fact in understanding the evidence or determining a fact in issue, a qualified expert witness may provide opinion testimony on the issue in question. Fed. R. Evid. 702.  Determining whether expert testimony would assist the trier-of-fact in understanding the facts at issue is within the sound discretion of the trial judge. See United States v. Alonso, 48 F.3d 1536, 1539 (9th Cir. 1995); United States v. Lennick, 18 F.3d 814, 821 (9th Cir. 1994).  An expert's opinion may be based on hearsay or facts not in

evidence where the facts or data relied upon are of the type reasonably relied upon by experts in the field. Fed. R. Evid. 703. In addition, an expert may provide opinion testimony even if the testimony embraces an ultimate issue to be decided by the trier-of-fact. Fed. R. Evid. 704. Here, the fingerprint expert's testimony will assist the triers-of-fact in determining whether the deportations relate to the individual in the courtroom.

Here, the fingerprint expert's testimony will assist the trier-of-fact in determining a central issue in the case–whether Defendant, who was found in the Northern District of California and is currently on trial, was previously deported. As set forth in the *Government's Notice of Expert Testimony*, the expert witness that the United States seeks to call will testify that he reviewed and examined numerous documents bearing fingerprint impressions from Defendant, including the warrants of deportation. He will testify that his opinion was established by an analysis, comparison, and evaluation of the friction ridge detail on the items he reviewed. He will further testify that the fingerprint impressions appearing on each document he reviewed and examined were made by the same individual. The United States submits that this evidence is permissible expert testimony insofar as it is based on specialized knowledge and will assist the trier-of-fact to determine the essential questions of identity and prior deportation.

C.   The Court Should Prohibit Reference to Why Defendant Reentered and Remained in the United States

Defendant may attempt to offer evidence of the reason for his reentry, or alternatively, his belief that he was entitled to do so. Defendant may also attempt to offer evidence of the reason for his being in the United States, or alternatively, his belief that he was entitled to be here. The Court should preclude him from doing so. Evidence of *why* Defendant violated Section 1326 is patently irrelevant to the question of *whether* he did so–the only material issue in this case.

Rule 401 defines "relevant evidence" as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401. Rule 402 states that "evidence which is not relevant is not admissible." Fed.

R. Evid. 402.  In <u>United States v. Leon-Leon</u>, this Circuit held that because Section 1326 is not a specific intent crime, evidence as to Defendant's belief of his right to be in the country, even if reasonable, is not relevant and should not be admitted.  35 F.3d 1428, 1432 (9th Cir. 1994) (upholding court's decision to exclude Defendant's evidence that he was in possession of a green card to establish that he reasonably believed he had permission to reenter the United States).  Here, the reason why Defendant reentered and remained in the United States, and any belief that he was justified in doing so, are similarly irrelevant to whether he violated Section 1326.

<u>United States v. Komisaruk</u>, 885 F.2d 490 (9th Cir. 1980), is illustrative.  Komisaruk was convicted of willfully damaging government property by vandalizing an Air Force computer.  <u>Id</u>. at 491.  On appeal, she argued that the district court erred in granting the government's motions *in limine* to preclude her from introducing her "political, religious, or moral beliefs" at trial.  <u>Id</u>. at 492.  In particular, she argued that she was entitled to introduce evidence of her anti-nuclear war views, her belief that the Air Force computer was illegal under international law, and that she was otherwise morally and legally justified in her actions.  <u>Id</u>. at 492-93.  The district court held that her "personal disagreement with national defense policies could not be used to establish a legal justification for violating federal law nor as a negative defense to the government's proof of the elements of the charged crime," <u>id</u>. at 492, and the Ninth Circuit affirmed.  Similarly here, the reasons why Defendant reentered and remained in the United States, and any subjectively held belief that he was entitled to do so, are irrelevant to any issue in this case.

D.    <u>The Court Should Prohibit Reference to Defendant's Background and Prior Residency</u>

Defendant may attempt to introduce evidence about his family circumstances and his prior residency or residency status in the United States.  This information is irrelevant to this case and should be excluded.  "Evidence which is not relevant is not admissible," and the jury should "not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy."  Fed. R. Evid. 402; Ninth Cir. Model Jury Instructions, § 3.1 (2003).  Such evidence would not only be irrelevant but a blatant play for sympathy and jury nullification.

In <u>United States v. Ibarra</u>, the district court granted the United States' motion *in limine* to

preclude Ibarra from introducing "evidence of his prior legal status in the United States, and the citizenship of his wife, mother and children" in a Section 1326 prosecution. 3 F.3d 1333, 1334 (9th Cir. 1993), overruled on other grounds by United States v. Alvarado-Delgado, 98 F.3d 492, 493 (9th Cir. 1996). The Ninth Circuit affirmed, reasoning that, because Ibarra had failed to demonstrate how the evidence could possibly affect the issue of his alienage, the district court properly excluded it as irrelevant. Id. Similarly, in United States v. Serna-Vargas, the defendant filed a motion *in limine* to introduce evidence of what she termed "de facto" citizenship as an affirmative defense in a Section 1326 prosecution. 917 F. Supp. 711, 711 (C.D. Cal. 1996). Specifically, she sought to introduce evidence of the involuntariness of her initial residence; her continuous residency since childhood; her fluency in the English language; and the legal residence of immediate family members. Id. at 712. The court denied the motion, noting that "none of these elements are relevant to the elements that are required for conviction under § 1326." Id. The court also noted that admission of the evidence would run "contrary to the intent of Congress," because "the factors that [the defendant] now seeks to present to the jury are ones that she could have presented the first time she was deported." Id. Therefore, the court held, "[a]llowing her to present the defense now would run contrary to Congress' intent." Id. In particular, "under the scheme envisioned by Congress, an alien facing deportation may present evidence of positive equities only to administrative and Article III judges, and not to juries." Id. Accordingly, any evidence relating to Defendant's prior residency and background, including his former residency status, his United States citizen child and spouse, should be precluded. Additionally, the Court should preclude Defendant and his counsel from indicating to the jury, by any means, the presence of Defendant's wife and child, if present in the courtroom, as such a reference would constitute nothing more than an attempt at jury nullification based on jury sympathy.

E.     Prohibit Collateral Attack on Prior Deportations/Removals

The lawfulness of Defendant's prior deportations is not an element of the offense in a prosecution under 8 U.S.C. § 1326. Therefore, any question about the lawfulness of a

deportation or removal should not be submitted to the jury for determination.

In <u>United States v. Alvarado-Delgado</u>, 98 F.3d 492, 493 (9th Cir. 1996), the Ninth Circuit overruled its prior decision in <u>United States v. Ibarra</u>, 3 F.3d 1333 (9th Cir. 1993), insofar as it held that the lawfulness of a prior deportation is an element of the offense under § 1326. The <u>Alvarado-Delgado</u> Court noted that while some jurisdictions hold that a prior deportation is an element of the offense if the deportation is "lawful," the statute itself contains no such limitation, stating "[a]ny alien who has been arrested and deported or excluded or deported," 8 U.S.C. § 1326(1), "will be guilty of a felony if the alien thereafter, enters, attempts to enter, or is at any time found in the United States." 8 U.S.C. § 1326(2). Because the lawfulness of the prior deportation is not an element of the offense under § 1326, Defendant does not have a right to have the issue determined by a jury.

F.    Prohibit Reference to Penalty

Defendant should be prohibited from making any reference to the potential penalty he may suffer if convicted of this offense. Information about penalty and punishment "draw[s] the attention of the jury away from their chief function as the sole judges of the facts, opens the door to compromise verdicts, and confuses the issues to be decided." <u>United States v. Olano</u>, 62 F.3d 1180, 1202 (9th Cir. 1995) (citing <u>United States v. Frank</u>, 956 F.2d 872, 879 (9th Cir. 1991)). In federal court, the jury is not permitted to consider punishment in deciding whether the United States has proved its case against Defendant beyond a reasonable doubt. Ninth Cir. Model Criminal Jury Instructions, § 7.4 (2003). Any such argument or reference would be an improper attempt to have the jury unduly influenced by sympathy for Defendant and prejudice against the United States. The United States respectfully requests this Court to preclude any mention of the possible penalties at any point during the trial.

G.    Exclude from Courtroom All Witnesses Except Case Agent

Under Federal Rule of Evidence 615(3), "a person whose presence is shown by a party to be essential to the presentation of the party's cause" should not be ordered excluded from the court during trial. The case agent in the present matter has been critical in moving the

investigation forward to this point and is considered by the United States to be an integral part of the trial team. The United States requests that Defendant's testifying witnesses be excluded from the courtroom prior to their testimony, pursuant to Rule 615.

H. <u>Prohibit Reference to Any Alleged Belief by Defendant that He Was Not Required to Obtain Permission to Reenter the United States or that He Was Confused</u>

The Court should preclude any argument that Defendant believed: (1) he was not required to obtain the permission from the Attorney General, or his designated successor at the Secretary of the Department of Homeland Security, prior to re-entering the United States; or (2) he had permission to enter the United States based on any confusion or alleged error in the execution of the I-294 Warning to an Alien Deported.  The Ninth Circuit has held that such a claim is legally insufficient and that such an argument is improper.  <u>See</u> <u>United States v. Ramirez-Valencia</u>, 202 F.3d 1106, 1109-10 (9th Cir. 2000).

## IV.
## CONCLUSION

For the foregoing reasons, the Government respectfully requests that its motions be granted.


DATED: August 4, 2008					Respectfully submitted,
							JOSEPH P. RUSSONIELLO
							United States Attorney



							_____/s/_____
							LARA M. KROOP
							Special Assistant United States Attorney

UNITED STATES' MOTIONS IN LIMINE
CR 08-0272 SI