JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

TRACIE L. BROWN (CABN 184339)
Assistant United States Attorney
LARA M. KROOP (CABN 239512)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Email: Tracie.Brown@usdoj.gov
           Lara.Kroop2@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br>　　　　Plaintiff, </br></br>　　v. </br></br>CELSO MARTEARENA-ARRIOLA, </br></br>　　　　Defendant. | No. CR 08-0272 SI </br></br> UNITED STATES' *REVISED* TRIAL MEMORANDUM </br></br> Trial Date: August 21, 2008 </br> Time: 8:30 a.m. </br></br> PreTrial Conf.: August 19, 2008 </br> Time: 3:00 p.m. |

Pursuant to the Court's Standing Order for Criminal Pretrial Preparation, the United States hereby submits its Trial Memorandum.

**A.  LEGAL AND FACTUAL BASIS FOR THE CHARGE**

   **1.  Statement of Facts**

On August 12, 2008, a federal grand jury returned a one-count Superseding Indictment charging Defendant with Being an Alien Found In the United States After Deportation, in violation of Title 8, United States Code, Section 1326. Defendant will be arraigned on the

UNITED STATES' TRIAL MEMORANDUM
CR 08-0272 SI

Superseding Indictment and is expected to plead not guilty on August 18, 2008.

Defendant is a citizen of Mexico, without any permission to enter the United States. Defendant was ordered removed and was deported from the United States on or about November 29, 1994, November 14, 1995, August 7, 1998, June 21, 2001 and April 27, 2005. On or about April 9, 2008, pursuant to a referral from State authorities, Defendant was found in the United States in San Quentin State Prison, where he was incarcerated at the time.

**2.    Pertinent Law** – **8 U.S.C. § 1326**[1]

The United States must prove beyond a reasonable doubt that:

(1)    The defendant was deported from the United States;

(2)    The defendant voluntarily entered the United States after deportation;

(3)    The defendant knew he was in the United States after he entered and he knowingly remained;

(4)    The defendant was found in the United States without having obtained permission from the United States Attorney General or the Secretary for Homeland Security to reenter the United States; and

(5)    The defendant was an alien at the time of reentry.

In addition to these elements, under recent Ninth Circuit case law, in order to seek enhanced penalties under 8 U.S.C. § 1326(b), the government must also establish – by either jury finding or stipulation – that the Defendant had suffered an aggravated felony prior to his deportations. *See Garcia-Aguilar v. United States Dist. Ct. for So. Dist. Calif.,* No. 07-70293, __ F.3d __ (9th Cir. August 6, 2008). In this case, the Defendant was convicted of being a felon in possession of a firearm, an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(E)(i), in 1993, which is prior to all five of the Defendant's deportations.

**3.    Anticipated Evidence**

As set forth in more detail in the United States' Proposed Witness List and Exhibit List, it is anticipated that the evidence will generally consist of:

---

[1] Ninth Circuit Manual of Model Criminal Jury Instructions, Instr. 9.5B (2003 ed., last updated January 2007).

UNITED STATES' TRIAL MEMORANDUM
CR 08-0272 SI

- Defendant's sworn statements from 2001 and 2008 stating that he is a citizen and national of Mexico, that he was previously deported, that he reentered the United States, and that he did not obtain the permission of either the Attorney General or the Secretary of the Department of Homeland Security;
- Testimony from the Immigration and Customs Enforcement ("ICE") agents who took the above-referenced 2001 and 2008 sworn statements from Defendant;
- Five warrants of deportation to show that Defendant was deported prior to reentering the United States;
- Testimony of certain ICE agents who witnessed Defendant's deportations and who signed his warrants of deportation;
- Fingerprints on each of the warrants of deportation and Defendant's fingerprint cards showing that Defendant was the individual who was deported;
- Testimony of a fingerprint expert to show that all of the fingerprints on the warrants of deportation and those on Defendant's fingerprint cards are the fingerprints of the same individual;
- Testimony of the ICE agent who found Defendant in the United States pursuant to his incarceration at San Quentin in April 2008;
- Testimony of the ICE agent who took Defendant's fingerprints in April 2008;
- The Certificate of Non-Existence from Defendant's A-File;
- Testimony and documents establishing the Defendant's 1993 conviction for being a felon in possession of a firearm.

**B.    EVIDENTIARY STIPULATIONS**

The Defendant's prior defense counsel had agreed to the following evidentiary stipulations:

1. That the 1994, 1995, 1998, 2001 and 2005 Warrants of Deportation are authentic and qualify as public records under FRE 803(8);
2. That the 2001 and 2008 Sworn Statements of Defendant are authentic and qualify as public records under FRE 803(8);

UNITED STATES' TRIAL MEMORANDUM
CR 08-0272 SI

3.   That the Certificate of Non-Existence of Record is authentic and qualifies as a public record under FRE 803(8);

4.   That the 1994, 1995 and 2005 immigration hearing tapes are authentic and qualify as public records under FRE 803(b);[2]

5.   That Defendant was found in the United States in the Northern District of California on or about April 9, 2008; and

6.   That Defendant's fingerprint cards, contained in his A-file, are authentic and qualify as public records under FRE 803(8).[3]

The Defendant's new defense counsel has orally indicated that he will abide by stipulations 1-4, above.  New defense counsel has not yet informed the government of the defense's position with respect to stipulations 5 and 6.

In addition, the government has also proposed (but new defense counsel has not yet decided upon) the following stipulations:

7.   That the Defendant was convicted of being a felon in possession of a firearm in 1993; and

8.   That the fingerprints on (a) various immigration documents and (b) the booking sheet associated with the 1993 felon-in-possession conviction were all made by the same individual, as will be testified to by ICE Senior Fingerprint Specialist Kenneth Woods.[4]

**C.   ANTICIPATED EVIDENTIARY ISSUES**

The government anticipates that the following evidentiary issues, which have been raised

---

[2] Prior defense counsel had reserved his objections to the admissibility of the hearing tapes on the grounds of relevance and prejudice.  Additionally, the government agrees not to seek admission of these tapes unless Defendant testifies.

[3] However, pursuant to Defendant's request, the government had agreed to redact the information on the reverse side of the fingerprint cards.

[4] This stipulation will save significant government resources, as Mr. Woods lives and works in Virginia.

UNITED STATES' TRIAL MEMORANDUM
CR 08-0272 SI

in the parties' Motions *in Limine*, will arise:

- The admissibility of Rule 609 evidence, in particular a 1995 perjury conviction and a 1997 conviction for providing false identification to a peace officer;
- The admissibility of expert testimony by a fingerprint expert whose testimony will show that the fingerprints on Defendant's fingerprint cards were made by the same individual whose fingerprints appear on the warrants of deportation;[5]
- The prohibition of any reference to why Defendant reentered or remained in the United States;
- The prohibition of any reference to Defendant's background and prior residency;
- The prohibition of any collateral attacks on any prior deportations or removals;
- The prohibition of any reference to penalty;
- The prohibition of any reference to any alleged belief by Defendant that he was not required to obtain permission to reenter the United States; and
- The admissibility of bullet point two on the 2001 "Determination of Inadmissibility" (Bates CMA0054; Trial Exhibit 4).

**D.  JURY INSTRUCTIONS.**

As previously set forth in the government's Supplemental Memorandum Re: Jury Instruction 9.5B (docket number 24; filed June 19, 2008), the government has proposed adding (1) an instruction defining "voluntarily," for purposes of the second element of a § 1326 charge, and (2) a proposed unanimity instruction informing the jury that it must unanimously find at least one prior deportation.

In addition, concurrently with this filing and consistent with the Superseding Indictment, the government is filing *Revised* Proposed Jury Instructions, to address recent Ninth Circuit case law requiring the government to prove that the Defendant had suffered an aggravated felony prior to his deportations. *See Garcia-Aguilar*, *supra* (9th Cir. August 6, 2008). The government

---

[5] It is anticipated that, in light of the government's Supplemental Expert Notice, new defense counsel will withdraw prior defense counsel's motion arguing that the government's notice was insufficient.

UNITED STATES' TRIAL MEMORANDUM
CR 08-0272 SI

sent its *Revised* Proposed Jury Instructions to defense counsel on August 14, 2008.[6]

DATED: August 15, 2008                      Respectfully submitted,

                                                  JOSEPH P. RUSSONIELLO
                                                  United States Attorney

                                              _____/s/_____
                                              LARA M. KROOP
                                              Special Assistant United States Attorney

---

[6] Of course, if the defense stipulates to the fact and timing of the Defendant's felon in possession conviction, the new proposed instruction (on page 13 of the *Revised* Proposed Jury Instructions) will not be necessary.

UNITED STATES' TRIAL MEMORANDUM
CR 08-0272 SI