JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

TRACIE L. BROWN (CSBN 184339)
Assistant United States Attorney
LARA M. KROOP (CSBN 239512)
Special Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, CA 94102
   Telephone: (415) 436-7200
   Facsimile:  (415) 436-7234
   E-mail: Tracie.Brown@usdoj.gov; Lara.Kroop2@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 08-0272 SI |
|        Plaintiff, ) | **GOVERNMENT'S SECOND REVISED PROPOSED JURY INSTRUCTIONS** |
| v. ) | |
| CELSO MARTEARENA-ARRIOLA, ) | Trial Date:      August 27, 2008<br>Pretrial Conf.:   August 26, 2008 |
|        Defendant. ) | |

Pursuant to this Court's Pretrial Order, the government here submits its second revised proposed jury instructions.[1]

DATED: August 19, 2008          Respectfully submitted,

                                       JOSEPH P. RUSSONIELLO
                                       United States Attorney


                                     _____/s/_____
                                       LARA M. KROOP
                                       Special Assistant United States Attorney

---

[1] On August 15, 2008, the government filed Revised Proposed Jury Instructions. The government inadvertently omitted the word "unanimously" from page 12 of the proposed instructions. The government now files these instructions to correct that omission. There are no other changes.

GOVT'S SECOND REV. PROP. JURY INSTRUCTIONS
CR 08-0272 SI

## 1.12 OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments                    .

After that, you will go to the jury room to deliberate on your verdict.

## 1.13 JURY TO BE GUIDED BY
## OFFICIAL ENGLISH
## TRANSLATION/INTERPRETATION

Languages other than English may be used during this trial.

The evidence you are to consider is only that provided through the official court interpreters. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning of the non-English words.

## 2.4 STIPULATIONS OF FACT

  The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

## 2.7 TRANSCRIPT OF RECORDING IN ENGLISH

You are about to listen to a tape recording that has been received in evidence. Please listen to it very carefully. Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape. However, bear in mind that the tape recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you heard is controlling. After the tape has been played, the transcript will be taken from you.

## 4.1 STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

## 4.6 IMPEACHMENT, PRIOR CONVICTION OF DEFENDANT

You have heard evidence that defendant has previously been convicted of a crime. You may consider that evidence only as it may affect the defendant's believability as a witness. You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

## 4.8 IMPEACHMENT EVIDENCE—WITNESS

You have heard evidence that [*witness*], a witness, [*e.g.* has been convicted of a felony, lied under oath on a prior occasion, *etc.*]. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe this witness and how much weight to give to the testimony of that witness.

## 4.17 OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

## 5.6 KNOWINGLY — DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## 7.6 COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

## 9.5B ALIEN–DEPORTED ALIEN FOUND IN UNITED STATES
## (8 U.S.C. § 1326(a))

### [As proposed by Defendant with no changes made to the model]

The defendant is charged in [Count ___ of] the indictment with being an alien who, after deportation, was found in the United States in violation of Section 1326(a) of Title 8 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was deported from the United States;

Second, after deportation, the defendant voluntarily entered the United States;

Third, [when the defendant entered [he] knew [he] was entering the United States] [after the defendant entered the United States [he] knew that [he] was in the United States and knowingly remained];

Fourth, the defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; and

Fifth, the defendant was an alien at the time of the defendant's entry into the United States.

An alien is a person who is not a natural-born or naturalized citizen [or a national] of the United States.

## 9.5B ALIEN–DEPORTED ALIEN FOUND IN UNITED STATES
## (8 U.S.C. § 1326)

### [As proposed by the government]

The defendant is charged in Count One of the indictment with being an alien who, after deportation, was found in the United States in violation of Section 1326 of Title 8 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was deported from the United States, with the jury finding unanimously that the defendant was deported on any one (or more) of the following dates: November 29, 1994, November 14, 1995, August 7, 1998, June 21, 2001, or April 27, 2005;

Second, after deportation, the defendant voluntarily entered the United States;

Third, when the defendant entered he knew he was entering the United States, or after the defendant entered the United States he knew that he was in the United States, and knowingly remained;

Fourth, the defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; and

Fifth, the defendant was an alien at the time of the defendant's entry into the United States.

An alien is a person who is not a natural-born or naturalized citizen of the United States.

Evidence that the Defendant was found at any location in the United States, other than the border, is circumstantial proof from which you may infer that the Defendant voluntarily entered the United States.

CR 08-0272 SI
12

**ADDITIONAL INSTRUCTION PROPOSED BY THE GOVERNMENT**
[8 U.S.C. § 1326(b); *Garcia-Aguilar v. United States Dist. Ct. for So. Dist. Calif.,* No. 07-70293 (9th Cir. August 6, 2008)]

  In addition, in this case, the government must also prove that the defendant was deported one or more times <u>after</u> having been convicted of being a felon in possession of a firearm.