ROBERT WAGGENER - SBN: 118450
LAW OFFICE OF ROBERT WAGGENER
214 Duboce Avenue
San Francisco, California 94103
Phone: (415) 431-4500
Fax: (415) 255-8631
E-Mail: rwlaw@mindspring.com

Attorney for Defendant CELSO MARTEARENA-ARRIOLA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR08 00272 SI |
| Plaintiff, | **DEFENDANT'S MEMORANDUM RE: PRETRIAL ISSUES AND MOTIONS *IN LIMINE*** |
| v. | |
| CELSO MARTEARENA-ARRIOLA, | PTC: August 26, 2008<br>Time: 2:00 p.m.<br>Crtrm: 10, Hon. S. Illston |
| Defendant. / | |

**INTRODUCTION**

Defendant Celso Martearena-Arriola is charged in a one-count Superseding Indictment with illegal reentry into the United States, in violation of 8 U.S.C. Section 1326. Mr. Martearena-Arriola submits this memorandum to address the current status of the case and various pretrial legal and factual issues and motions *in limine* relating to the trial currently scheduled for August 26, 2008.

The government and defense counsel have met and conferred several times regarding various pretrial and trial issues and this memorandum describes the current outstanding unresolved issues and disputes, and raises new issues regarding the evidence to be introduced at the trial of this matter. To the extent possible, the parties will continue to attempt to resolve matters as the case progresses towards the trial date.

The government has submitted an exhibit list and binder setting out 17 separate items of evidence it intends to introduce, supplemented by a witness list setting out what is understood to be 13 different witnesses to lay the foundation for the exhibits and/or to provide evidence as to the illegal entry charge. Below, defendant addresses issues relating to the various offered exhibits and the topics of testimony to be presented by the named witnesses.

**1. STIPULATIONS**

Prior counsel for the defendant, Federal Public Defender Barry Portman, indicated his willingness to enter into various stipulations and agreements with the government as to the admissibility of various exhibits and the non-introduction or inadmissibility of evidence unless the defendant should decide to testify. The playing field has changed with the appointment of new counsel and the filing of a Superseding Indictment and at this point there are no stipulations by the defendant as to the admissibility of evidence. Against the advice of counsel, the position of not entering in to various stipulations applies to the government's proof that the defendant has suffered a prior aggravated felony conviction prior to his deportations, in this case a 1993 Santa Clara County status crime conviction for being an ex-felon in possession of a firearm. Note that although the defendant is not willing to stipulate to the existence of the 1993 conviction, there are still remaining objections set out below as to how the conviction can be proved and what documents or portions of documents after redaction can be admitted in to evidence. (See, Government Exhibits 15-17)

With prior counsel the government had agreed not to attempt to introduce the purported Mexican birth certificate of defendant. Said document is not included in the government's current offered exhibits and it is assumed that the government is abiding by its prior agreement. Similarly the government had no objections to the issues addressed by the defendant's previously filed Motion *in Limine* to Sequester Witnesses, and it is assumed that the government's position remains the same. The parties had also previously agreed that evidence that the defendant was most recently located and "found" at San Quentin Prison prior to the initiation of the present

proceedings would not be presented to the jury in this case. Under the present circumstances and until the matter is further discussed with the defendant, that agreement may not hold, although counsel has adviseed the defendant that such a stipulation is in the defendant's best interest.

Certain other evidentiary agreements had previously been achieved, but with recent developments can not necessarily be expected to be maintained or enforceable, such as agreements by the government not to introduce evidence in its case in chief or to redact certain items of documentary evidence. These prior discussions and the underlying evidentiary issues are discussed below in the context of the relevant subject matter and will have to be worked out between the parties or resolved by the court.

**2. INTRODUCTION OF EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 803(8)**

Among the exhibits offered by the government are a number of records expected to be introduced as public records pursuant to Federal Rule of Evidence 803(8) to overcome a hearsay objection. Included in these offered exhibits are various warrants of deportation relating to the defendant for 1994, 1995, 1998, 2001 and 2005. The defendant recognizes that warrants for deportation are generally admissible under Rule 803(8) and not subject to the law enforcement exception to that rule. *United States v Loyola-Dominguez* 125 F3d 1315 (9th Cir. 1997).[Evidence of defendant's warrant of deportation under public records exception did not violate defendant's confrontation rights since notation on such warrant indicating that alien has left country is routine, objective, indeed mechanical recording of unambiguous factual matter, and admission of evidence under firmly rooted exception to hearsay rule does not violate confrontation clause. *United States v Contreras* 63 F3d 852, (9th Cir.1995) (criticized in *United States v Romo-Romo* 246 F3d 1272,(9th Cir. 2001)] [Deportation documents are admissible to prove alienage under public records exception to hearsay rule. *United States v Hernandez-Herrera* 273 F3d 1213, (9th Cir. 2001), cert den. 537 US 868,(2002)] While conceding that warrants for deportation may be admissible because they are the type of routine, nonadversarial items with ministerial or objective

observations typically admitted under hearsay exception for public records, defendant submits that not all portions of the deportation warrant documentation should be admitted and that portions of the documentation should be redacted. Objections as to particular portions of the deportation warrant documents are discussed below under the section pertaining to motions *in limine* to redact certain portions of the offered exhibits. The gist of the objections as to portions of these documents is that while the fact of deportation/removal is relevant, the reasons for the deportation/removal are not. Furthermore, portions of the documents are either double hearsay or unduly prejudicial.

**3. INTRODUCTION OF STATEMENTS BY THE DEFENDANT**

Included within the offered exhibits by the government are documents identified as sworn statements of the defendant in 2001 and 2008 which the government has indicated it intends to introduce as public records pursuant to Federal Rule of Evidence 803(8). (Govt. Exhibits 6 and 8) These documents purport to provide essentially a written confession by the defendant of all elements of illegal reentry, including his true name, his parents' citizenship, his birthplace, his immigration status, his failure to seek permission to enter the United States, and his prior deportations. Discussions with prior counsel took place to concede the admissibility of these exhibits but no such agreement was made with present counsel and defendant now contests the admissibility of these exhibits and the reported statements by the defendant, and defendant requests a hearing outside the presence of the jury as to the admissibility of these exhibits and documents to establish that they were voluntary.

18 U.S.C. Section 3501 states that:

> (a) In any criminal prosecution brought by the United States . . . a confession . . . shall be admissible in evidence if voluntarily given. Before such confession is received in evidence, the trail judge shall, out of the presence of the jury, determine any issue as to voluntariness....
>
> (b) The trial judge in determining the issue of voluntariness shall take into consideration all the circumstances surrounding the giving of the confession, including (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of

> making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any statement could be used against him, (4) whether or not such defendant had been advised prior to assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.

There can be little doubt that the 2001 and 2008 statements of the defendant amount to a confession. 18 U.S.C. Section 3501(e) defines "confession" "means any confession of guilt of any criminal offense or any self-incriminating statement made or given orally or in writing." Accordingly, defendant requests an evidentiary hearing as to the admissibility of these incriminating statements.[1] Counsel well realizes the timeliness issues as to this request but

---

[1] The protections of *Miranda* have been repeated so often in film and television as to become ingrained into American pop culture: [T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to ensure the privilege against self-incrimination. *Miranda v. Arizona*, 384 US 436, 444 (1966). Among these procedural safeguards are the right to an attorney, the right to remain silent, and notice that any statements given may be used against the declarant. *Id.* It cannot be disputed that Mr. Martearena-Arriola was in custody when interrogated. The government apparently intends to rely upon the results of this custodial interrogation. To do so it must prove, by a preponderance of evidence, that Mr. Martearena-Arriola validly waived his rights. *See United States v. Heredia-Fernandez*, 756 F.2d 1412, 1415 (9th Cir. 1985) (Voluntariness must be established by a preponderance of the evidence.) In addition to having constitutional dimensions, the admissibility of a confession is also subject to statutory constraints: A valid waiver of a defendant's Fifth Amendment rights against self-incrimination can only occur if "the waiver is made voluntarily, knowingly, and intelligently." *Miranda*, 384 U.S. at 575. The Court in *Miranda* stated that where a custodial interrogation is conducted without the presence of an attorney and a statement is taken,[A] heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel. . . . This Court has always set high standards of proof for the waiver of Constitutional rights, *Johnson v. Zerbst*, 304 U.S. 458 (1938), and we re-assert these standards as applied to in-custody interrogation.384 U.S. at 475. This Court's analysis begins with a presumption *against* valid waiver. Itt is the government's "great" burden to overcome this presumption: The courts must presume that a defendant did not waive his rights; the prosecution's burden is great; but in at least some of the cases waiver can be clearly inferred from the actions and words of the person interrogated. *North Carolina v. Butler*, 441 U.S. 369, 373 (1979).

given recent discussions with the defendant and the exercise of effective preparation on behalf of the defendant, it would be a dereliction of responsibility not to now raise this issue.

As to admissibility under Rule 803(8), defendant submits that pursuant to *United States v Orellana-Blanco* 294 F3d 1143 (9th Cir. 2002), a written report of an interview between defendant and an officer of the Immigration and Naturalization Service is not admissible in a criminal proceeding against the defendant as public record under Federal Rule of Evidence 803(8) because the report was not the type of routine, nonadversarial item with ministerial or objective observations that is typically admitted under hearsay exception for public records. The government's witness list includes the officers who reportedly interviewed the defendant in 2001 and 2008 and those witnesses should be questioned outside the presence of the jury prior to the admission of the confessions by the defendant.

As to additional statements by the defendant, immigration hearing tapes have been provided by the government as to hearings conducted in 1994, 1995 and 2005. The tapes are not included on the government's current exhibit list but have been the subject of prior discussions and are mentioned in the government's current trial memorandum. Previous discussion were to the effect that such tapes would not be introduced by the government in their case in chief but could potentially be used as impeachment material should the defendant decide to testify. Defendant hereby lodges an objection to any admission of the tapes (and transcripts) in that the aforementioned materials do not qualify as public records and are irrelevant and prejudicial.

One additional statement of the defendant that is at issue concerns a 2001 Notice and Order of Expedited Removal. (Govt. Exhibit 4) The specific document is discussed below as to the potential redaction of four of the five bullet points contained within the document but the government has recently taken the position that redaction of four of the bullet points is acceptable, but that one of the bullet points should be included, reading "You verbally declared yourself to be a citizen of the United States". Defendant submits that the reference to the

statement should be redacted and should not be admitted without a substantive showing as to the voluntariness, context and foundation for any such purported statement. The government need not prove the lawfulness or validity of the immigration proceeding that resulted in the 2001 removal order and any factual finding underlying the INS determination of inadmissibility- e.g. false representation as to U.S. citizenship. Further, any alleged false representation by the defendant to gain entry in to the United States does not prove any element of a §1326 violation.

**4. INTRODUCTION OF FINGERPRINT EVIDENCE AND EXPERT TESTIMONY**

The government has provided notice of its intention to offer expert testimony as to fingerprint evidence and has proffered exhibits as to fingerprint cards for the defendant. Fingerprint evidence is also included on previously mentioned deportation warrants and the documentation concerning defendant's 1993 aggravated felony conviction. Given previous filings and the discovery provided, the defense is not objecting on notice grounds to the testimony of Mr. Woods, the fingerprint expert. Admissibility of the fingerprint cards as public records and the fingerprint evidence included with other exhibits will be left up to the court and will not be the subject of a stipulation, acknowledging that discussions of such stipulations certainly took place.

**5. EXHIBITS OFFERED BY THE GOVERNMENT AND REDACTION OF INCLUDED MATERIAL**

The parties have been discussing and reviewing the majority of the government's proffered exhibits for some time and had resolved some issues as to partial redaction of certain exhibits. Current developments and positions as to stipulations may have changed the government's position and that the parties can confer to try to work out those issues.

Previously mentioned was the 2001 Notice and Order of Expedited Removal. (Govt. Exhibit 4) that contains bullet points as to the reasons for the defendant's removal in 2001. An agreement had previously been achieved to redact four of the bullet points, but the government insisted on including a reference to the defendant's alleged statement that he declared himself to

be a U.S. citizen. Defendant submits that all the bullet points should be redacted. Similar redactions were previously agreed upon as to their proffered 2001 Notice to Alien Ordered Removed/Departure Verification (Govt. Exhibit 5) and it remains to be seen if the government will abide by the agreement to redact portions of the document, which can be discussed at the pretrial conference hearing.

The government intends to introduce fingerprint cards connected to the defendant as public records. (Govt. Exhibits 9, 10, 11) Information is contained on the fingerprint cards having to do with place of birth and country of citizenship which the government has previously agreed to redact, and the defendant requests the government to continue to agree to the redactions or for the court to order the redactions.

Government Exhibits 13 and 14 relate to prior convictions of the defendant which the government intends to use for impeachment purposes if the defendant testifies. Objections to the impeachment pursuant Federal Rule of Evidence 609 are lodged below and issues as to any potential redaction of the documents can be addressed at a later time.

**6. INTRODUCTION OF EVIDENCE OF EVIDENCE OF DEFENDANT'S 1993 PRIOR AGGRAVATED FELONY CONVICTION FOR BEING AN EX-FELON IN POSSESSION OF A FIREARM**

Government Exhibits 15, 16 and 17 all relate to defendant's alleged 1993 aggravated felony conviction for being an ex-felon in possession of a gun in Santa Clara County. Defendant submits that absent a stipulation there can be proof of the aggravated felony conviction pursuant to recent case law. However, only the fact of the conviction and not the underlying factual circumstances can be proved to the jury. Accordingly, there should be limitations and redactions as to the admissibility of the three proffered exhibits by the government that have to be worked out. The present exhibits contain information as to prior convictions of the defendant for drunk driving and his prior felony conviction for multiple drunk driving offenses (along with a

concurrent multiple drunk driving conviction along with the gun possession charge) and admission of that evidence should not be presented to the jury.

**7. JURY INSTRUCTIONS**

The parties have met and conferred as to jury instructions and have resolved most disputes and agreed on a basic set of instructions, except for issues as to "voluntariness" and unanimity which can be addressed at the pretrial conference.

**8. MR. MARTEARENA-ARRIOLA'S TWO PRIOR CONVICTIONS ARE INADMISSIBLE UNDER BOTH PRONGS OF FEDERAL RULE OF EVIDENCE 609.**

The government intends to introduce two prior felony convictions of the defendant pursuant to Federal Rule of Evidence 609 if the defendant testifies. The evidence provided as to the two convictions has been submitted to the court as Exhibits 13 and 14 in the government's proffered exhibit binder, a 1995 felony perjury conviction and a 1997 conviction for providing false information to a police officer.

The admissibility of a testifying defendant's prior convictions is governed by Federal Rule of Evidence 609. In relevant part, Rule 609(a) provides as follows:

> For the purpose of attacking the character for truthfulness of a witness,
>
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
>
> (2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

Fed. R. Evid. 609(a). Pursuant to Rule 609(b), evidence of a conviction under this rule is inadmissible if more than ten years have elapsed since the witness's conviction or release from

imprisonment, unless the proponent gives advance written notice and the Court makes an express finding that "the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b).

Rule 609 embodies greater protections against prejudice for criminal defendants than for other witnesses. Specifically, when the government seeks to introduce a prior conviction against the defendant, Rule 609 reverses the balancing of probative value and prejudicial effect that courts customarily undertake under Rule 403. Whereas Rule 403 encourages admission of evidence unless its probative value is substantially outweighed by the danger of prejudice, Rule 609 permits prior convictions to be admitted only when their probative value outweighs their prejudicial effect. The Ninth Circuit has elevated this hurdle to still greater heights, stating that the "government bears the burden of showing that the evidence's probative value *substantially* outweighs its prejudicial effect." *United States v. Browne*, 829 F.2d 760, 763 (9th Cir. 1987) (emphasis added); *see also United States v. Alexander*, 48 F.3d 1477, 1488 (9th Cir. 1995).

### A. The Probative Value of Mr. Martearena-Arriola's Prior Convictions Does Not Outweigh the Substantial Prejudicial Effect under 609(a)(1).

The first prong of Federal Rule of Evidence 609 bars admission of evidence that an accused has been convicted of a crime unless the court determines that the probative value of admitting this evidence outweighs its prejudicial effect. Fed. R. Evid. 609(a)(1). In *United States v. Alexander*, 48 F.3d 1477 (9th Cir. 1995), the Ninth Circuit reiterated the balancing test to be used when a district court is confronted with Rule 609 evidence:

> In *United States v. Cook*, . . . we outlined five factors that should be considered in balancing the probative value of a prior conviction against its prejudicial impact for purposes of Rule 609(a)(1): (1) the impeachment value of the prior crime; (2) the point in time of conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility. *The government bears the burden of showing, based on these factors, that the proffered evidence's probative value substantially outweighs its prejudicial effect*.

*Alexander*, 48 F.3d at 1488 (internal citations omitted) (emphasis added); *see also United States v. Martinez-Martinez*, 369 F.3d 1076, 1088 (9th Cir. 2004) (reiterating the factors in the *Cook* balancing test).[2]

The government has not met its burden in this case. First, Mr. Martearena-Arriola's prior convictions have little or no impeachment value because they do not relate to his truthfulness. As such, unless Mr. Martearena-Arriola were to deny the very existence of his criminal history, evidence of his prior convictions would have no acceptable impeachment value. Under these circumstances, the Ninth Circuit has advised that courts should exclude the prior conviction(s), "with a warning to the defendant that any misrepresentation of his background on the stand will lead to admission of the conviction for impeachment purposes." *United States v. Cook*, 608 F.2d 1175, 1187 (9th Cir. 1979).

Second, the similarity of a prior conviction to the offense for which the defendant is on trial weighs heavily against admissibility under Rule 609. *See United States v. Bagley*, 772 F.2d 482, 488 (9th Cir. 1985). As the Fourth Circuit has explained,

> [a]dmission of evidence of a similar offense often does little to impeach the credibility of a testifying defendant while undoubtedly prejudicing him. The jury, despite limiting instructions, can hardly avoid drawing the inference that the past conviction suggests some probability that defendant committed the similar offense for which he is currently charged. The generally accepted view, therefore, is that evidence of similar offenses for impeachment purposes under Rule 609 should be admitted sparingly if at all.

*United States v. Sanders*, 964 F.2d 295, 297-98 (4th Cir. 1992) (internal quotes and citation omitted); *accord Bagley*, 772 F.2d at 488. Here, Mr. Martearena-Arriola's prior conviction for illegal entry is extremely similar to the charged crime, omitting only the prior-removal element. Notwithstanding a limiting instruction, a jury would almost surely infer from the fact of Mr.

---

[2]In 2006, Rule 609(a) was amended to read, "For the purpose of attacking the character for truthfulness" of a witness, rather than the "credibility" of a witness. This change makes clear that the rule's concern is with attacks on the witness's truthful character.

Martearena-Arriola's prior illegal-entry conviction that he more likely committed the charged offense. *See* Fed. R. Evid. 609 Advisory Comm. Notes (1990 Amendments) (noting possibility that prior convictions "will be misused by a jury as propensity evidence despite their introduction solely for impeachment purposes"). As such, this factor counsels strongly against admission.

Finally, Mr. Martearena-Arriola's testimony is not especially important to the government's case-in-chief. The government need only prove that Mr. Martearena-Arriola reentered the country without permission. Given the very real potential for prejudice, the balance under Rule 609 tips decisively against admission of Mr. Martearena-Arriola's prior convictions.

**B. Mr. Martearena-Arriola's Prior Convictions Are Inadmissible Under Rule 609(a)(2) Because They Do Not Involve Acts of Dishonesty or False Statements.**

Mr. Martearena-Arriola's prior convictions are also inadmissible under the second prong of Rule 609 because it cannot be "readily . . . determined that establishing the elements of the crime[s] required proof or admission of an act of dishonesty or false statement" by Mr. Martearena-Arriola. Fed. R. Evid. 609(a)(2). In *United States v. Ortega*, 561 F.2d 803 (9th Cir. 1977), the Ninth Circuit adopted a narrow reading of Rule 609(a)(2), limiting its application to "those crimes that involve some element of misrepresentation or other indicium of a propensity to lie." *Id.* at 806. The court expressly excluded "those crimes which, bad though they are, do not carry with them a tinge of falsification." *Id.*; *see also United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977) (limiting Rule 609(a)(2) to convictions "that bear directly on the likelihood that the defendant will testify truthfully (and not merely on whether he has a propensity to commit crimes)").

Mr. Martearena-Arriola's prior convictions do not involve elements of deceit, untruthfulness, or falsification bearing upon his propensity to testify truthfully. *See United States v. Glenn*, 667 F.2d 1269, 1273 (9th Cir. 1982) ("Generally, crimes of violence, theft crimes, and crimes of stealth do not involve 'dishonesty or false statement' within the meaning of rule 609(a)(2)."). Accordingly, none of the convictions is admissible under Rule 609(a)(2).

**10. GOVERNMENT'S MOTIONS IN LIMINE PER TRIAL MEMO**

The government has submitted various *in limine* motions in its recent trial memorandum and the defense submits all issues not otherwise addressed herein.

**CONCLUSION**

For the foregoing reasons, Mr. Martearena-Arriola respectfully moves the Court to address and rule on all trial issues addressed in this memorandum and raised at the hearing of this matter in accordance with the recommendations and suggestions contained herein.

Dated: August 26, 2008

Respectfully submitted,

\s\

ROBERT WAGGENER
Attorney for Defendant
CELSO MARTEARENA-ARRIOLA