1  ROBERT WAGGENER - SBN: 118450
   LAW OFFICE OF ROBERT WAGGENER
2  214 Duboce Avenue
   San Francisco, California 94103
3  Phone:      (415) 431-4500
   Fax:        (415) 255-8631
4  E-Mail:     rwlaw@mindspring.com

5  Attorney for Defendant CELSO MARTEARENA-ARRIOLA

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA           No.  CR08 00272 SI

12              Plaintiff,             **DEFENDANT'S PROPOSED VOIR DIRE**

13      v.                             PTC:   August 26, 2008
                                       Trial: August 27, 2008
14  CELSO MARTEARENA-ARRIOLA,          Time:  8:30 a.m.
                                       Crtrm: 10
15              Defendant.
                                    /
16

17      The defendant respectfully requests that the following questions be posed by the Court to

18  the venire, either in a questionnaire or in open court:

19      1.   Have you ever served on a jury?   Was the case civil or criminal?   Were you able

20  to reach a verdict?

21      2.   What clubs or organizations do you belong to?   What talk radio programs do you

22  listen to regularly?   Do you belong to any organizations concerned with criminal law or the

23  criminal justice system?

24      3.   Have you ever applied for a job or worked for a law enforcement agency or in the

25  military or security field?   Have any of your close friends or relatives ever applied for a job or

26  worked for a law enforcement agency or in the military or security field?

27

28

**DEFENDANT'S PROPOSED VOIR DIRE**                C:\Data\CASES\Arriola\Trial Pleadings\Proposed Voir Dire.cma.wpd

1    4.    There may be one or more law enforcement officers who will testify in this case. Will the fact that a person is a law enforcement officer make him or her more trustworthy in your evaluation than any other witness? Would you tend to give any greater weight or credibility, no matter how slight, to the testimony of a law enforcement officer or government witness because they are employees of or are testifying on behalf of the government? What if any contact have you had with anyone who worked for the immigration service or ICE?

6.    The defendant is Hispanic. Have you had any experiences that may make it difficult for you to be impartial and fair to him? Have you or anyone close to you ever lived near the United States border with Mexico? Have you traveled to Mexico or had the experience of crossing the border in to Mexico?

7.    Do you speak Spanish? If so, how well? The defendant is being assisted by an interpreter translating from English to Spanish. There will be evidence that the defendant can speak some English. Is there anything about the use of an interpreter that negatively affects your ability to impartially weigh the evidence against the defendant? Do you think the use of an interpreter provides the defendant with some sort of advantage or disadvantage in the trial proceedings? Do you believe in the concept that if you live or reside in this country you must learn to speak the English language?

8.    The defendant is charged with being an alien who illegally reentered the United States after deportation. Is there anything about that charge that would make it difficult for you to serve as a juror? Have you ever known anyone who has been deported or removed from this country?

9.    Do you believe that the United States' immigration laws should be tougher? Do you believe you can put that opinion aside and judge the defendant solely on the basis of the evidence presented at trial?

10.   What is your opinion of others who employ undocumented immigrants? Has anyone you know ever employed undocumented immigrants?

1    11.    The defendant is presumed to be innocent unless and until he is proven guilty
2  beyond a reasonable doubt.  Do you have any trouble giving him the benefit of this presumption
3  of innocence without any mental reservations whatsoever?

4    12.    If after hearing all the evidence in this case, you thought that the defendant was
5  probably guilty, but you were not convinced beyond a reasonable doubt, would you have trouble
6  returning a verdict of not guilty?

7    13.    The defendant has no obligation to testify or present evidence on his own behalf,
8  and can simply challenge the government's proof as to each element of the charged offense. Do
9  you have any problem with this concept and if so, what is it? As you sit there, do you expect the
10 defendant to testify? If a defendant exercises his right not to take the stand to testify, how would
11 that decision affect your consideration of guilt or innocence?  What reasons can you think of as
12 to why a person would not take the stand if they were innocent?

13    14.    Does anyone think that the defendant must have done something wrong or he
14 would not be here today? If the answer to the preceding question is yes, do you think that it
15 would be difficult for you to presume the defendant to be completely innocent at this time?  Are
16 you absolutely certain you can follow the Court's instruction that the fact that the defendant is
17 charged with a crime means nothing, and that you must base your verdict exclusively on the
18 evidence produced here in court?

19    15.    If after hearing all the evidence in this case, you thought that the defendant was
20 probably guilty, but you were not convinced either way beyond a reasonable doubt, is there
21 anyone who would have trouble returning a verdict of not guilty?

22    16.    Is there anyone here who might be afraid of later criticism should you return a
23 verdict of not guilty?

24    17.    If you sat throughout this trial as a juror and felt that the prosecution had not
25 proven the guilt of the defendant beyond a reasonable doubt, but you found that a majority of the
26 jurors believed that he was guilty, is there anyone who would change their verdict only because

27

28

1  you were in the minority?  Would the fact that you were in the minority influence your vote in
2  any way?
3        18.    Is there anything else that the Court should know that may affect your ability to
4  serve as a fair and impartial juror in this case?

6  Dated: August 26, 2008                     Respectfully submitted,

                                              \s\
                                              ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                                              ROBERT WAGGENER
                                              Attorney for Defendant
                                              CELSO MARTEARENA-ARRIOLA